NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0444n.06

No. 12-1693

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 02, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| DEHAVEN LAPRIEST HOGG, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | | OPINION |

Before: MERRITT, SUHRHEINRICH, and DONALD, Circuit Judges.

BERNICE B. DONALD, Circuit Judge. Dehaven Hogg appeals his 262-month sentence on the grounds that his sentence is procedurally and substantively unreasonable because the career offender sentencing Guideline enhancement is unconstitutional. We disagree and AFFIRM.

**I.**

Between August 31, 2010, and September 28, 2010, Dehaven Hogg sold cocaine base to a confidential informant on four occasions, selling a total of 4.99 grams. On September 30, 2010, law enforcement officers searched Hogg's girlfriend's home and seized 28.3 grams of marijuana, a semi-automatic handgun, and a .22 caliber sawed-off rifle with an obliterated serial number. They also seized a five-shot revolver, $510.00 in cash, and narcotics equipment from Hogg's wife's home.

This was not Hogg's first offense. Since the age of seventeen, Hogg has managed to acquire eleven convictions ranging from unlawful use of a motor vehicle to escape from prison. Under U.S.S.G § 2D1.1(c)(12), Hogg's base offense level for the present offenses was 16, based on the amount of drugs involved. Because Hogg qualifies as a career offender, pursuant to U.S.S.G § 4B1.1, his offense level was raised to 34. The recommended Guidelines range was 262 to 327 months.

Hogg filed a sentencing memorandum challenging the application of the career offender Guideline, as well as the inclusion of uncharged offenses or dismissed charges in his presentence report. At the sentencing hearing, however, Hogg did not dispute that he was correctly scored as a career offender. Rather, he argued that the recommended sentencing Guidelines range was unfair because he delivered street-level quantities of cocaine base. He also argued that the district court was not bound by a congressional mandate in the Guidelines.

The district court agreed that the Guidelines were advisory and analyzed the 18 U.S.C. § 3553(a) factors, and imposed a sentence of 262 months to run consecutively to Hogg's existing state sentence.[1] Hogg filed a timely notice of appeal.

---

[1]Hogg does not challenge the non-imprisonment components of his sentence.

**II.**

On appeal, Hogg claims that applying the career offender sentencing Guideline enhancement violates the Separation of Powers Doctrine because it was improperly amended. The government argues that Hogg failed to develop his argument as to this claim, and, as such, we should decline to review it. Generally, undeveloped arguments are not reviewable on appeal. *See generally, United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999). Our review of the briefs, however, reveals that Hogg did fully develop his argument. Therefore, we will review Hogg's reasonableness challenge.

We review a defendant's challenge to the reasonableness of his sentence for abuse of discretion. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). A sentence must be both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). Thus, we

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Id.*

If "the district court's sentencing decision is procedurally sound," we "then consider the substantive reasonableness of the sentence imposed . . . . When conducting this review, [we] will . . . take into account the totality of the circumstances, including the extent of any variance from the

Guidelines range." *Id.* "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010) (quoting *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009)) (quotation marks omitted). We apply a rebuttable presumption of reasonableness to a sentence that falls within the advisory Guidelines range. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Hogg's sentence is procedurally reasonable. The district court judge acknowledged that the Guidelines were only advisory before proceeding to analyze the Section 3553(a) factors. Specifically, the district court considered: Hogg's lengthy criminal history, the items found during the search of Hogg's wife's residence and Hogg's girlfriend's residence; Hogg's limited education, Hogg's lack of income for the past ten years, and Hogg's indebtedness to the state for child support. Hogg's procedural challenge is, therefore, without merit. Hogg has failed to point to anything in the record that would suggest that his sentence is procedurally unreasonable, and we can find nothing in the record to support this proposition. Hogg's substantive challenge is, likewise, without merit.

Hogg's argument that the career offender Guidelines enactments are an unconstitutional violation of the Separation of Powers Doctrine because the Sentencing Commission did not rely on empirical data is misplaced. Never has any court held that the Sentencing Commission must base amendments to the Guidelines on empirical data. The Supreme Court has explained that the Sentencing Commission has the capacity to "base its determinations on empirical data and national

experience, guided by a professional staff with appropriate expertise." *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)(quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007)). This, however, is a far cry from a judicial mandate requiring the Sentencing Commission to carry out its charge in a specific manner. In fact, the Court has recognized that "in the ordinary case, the Sentencing Commission's recommendation of a sentence range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States,* 551 U.S. 338, 350 (2007)). Hogg has not shown that his case is not "the ordinary case," where the Guidelines fail to achieve Section 3553(a)'s objectives.

Moreover, Hogg's argument that he would have been sentenced according to his base offense level of 16, but for the career offender enhancement, is a classic rudimentary leap in logic. It is quite possible that the district court would have rendered the same sentence without the career offender Guideline's enhancement based solely on Hogg's lengthy criminal history. As the Court has recognized, the sentencing judge has greater familiarity with the individual case and is in the best position to determine the appropriate sentence. *Id.* We see no reason to find otherwise. Hogg has not identified any basis for concluding that the sentence, at the low end of his Guidelines range, is arbitrary or greater than necessary to comply with the purposes of Section 3553(a)(2). *See United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012). For this reason, we find that Hogg's sentence is reasonable and the district court did not abuse its discretion.

**III.**

For the foregoing reasons, we AFFIRM Hogg's sentence.