NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0262n.06

No. 20-1846

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 01, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| DEHAVEN LAPRIEST HOGG, | ) | **OPINION** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

BEFORE: NORRIS, KETHLEDGE, and NALBANDIAN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Dehaven Lapriest Hogg filed a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion, holding that his release was inconsistent with the § 3553(a) factors; that he lacked "extraordinary and compelling reasons" for release, as defined in U.S.S.G. § 1B1.13; and that he remained a danger to the community. Hogg appealed, and after the briefs here were filed, this court decided *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020), which concluded that § 1B1.13 did not apply to inmate-filed motions. The district court fully explained why the sentencing factors, standing alone, supported denial of compassionate release, however, and we affirm on that basis.

In 2011, a grand jury charged Hogg with four counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). A jury later convicted Hogg on all counts. At sentencing, the district court applied the career-offender enhancement and calculated a guidelines range of 262 to 327 months. After the district court balanced, among other things, Hogg's lengthy criminal history

and his need to develop employment skills to support his family, the court sentenced Hogg to 262 months' imprisonment—the bottom of the range. Hogg appealed that sentence, arguing that it was procedurally and substantively unreasonable. This court affirmed the sentence. *United States v. Hogg*, 525 F. App'x 327, 327–28 (6th Cir. 2013).

Seven years later, Hogg filed the motion for compassionate release now before us. He asked for release because COVID-19 had spread throughout his prison, FCI Elkton, and because his hypothyroidism, weakened immune system, and hypoglycemia put him at a high risk of serious illness from the virus.

The district court denied relief for three reasons. First, the court concluded that his release would be inconsistent with the § 3553(a) sentencing factors. Hogg had three previous drug-related convictions and had served only 37% of his sentence for his newest drug-distribution offense. The court also noted that Hogg's criminal history included several violent offenses. As the court detailed in a third section, those offenses, along with a prior violation of the terms of his conditional release, suggested that Hogg was a danger to the community. Second, the district court determined that Hogg's reasons for release were not "extraordinary and compelling," as defined in U.S.S.G. § 1B1.13. Third, as just noted, the district court concluded that Hogg remained a danger to the community.

This appeal followed. While it was pending, this court held that § 1B1.13 did not apply to inmate-filed compassionate-release motions. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Thus, for Hogg's motion, a two-part analysis now applies: first, whether there are "extraordinary and compelling reasons for release," as determined by the district court in its discretion; and second, whether a sentence reduction is consistent with the § 3553(a) factors. *See United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). After *Elias*, therefore, the district

2

court's reliance on § 1B1.13 was erroneous.  However, we can affirm based solely on the court's analysis of the § 3553(a) factors.  *See United States v. Tomes*, 990 F.3d 500, 503 (6th Cir. 2021). We review the district court's decision for an abuse of discretion.  *See Elias*, 984 F.3d at 520.

Here, the district court weighed several considerations, including the seriousness of Hogg's drug-distribution offense, the portion of the sentence that Hogg had already served, his several previous drug-related offenses, his history of violent offenses, and his violation of the terms of conditional release.  The district court also noted that, although Hogg had said that he "would likely seize the opportunity [for release] and make the best of it," his lengthy criminal history "indicate[d] otherwise."

Hogg contends that this analysis failed to consider his (lack of) disciplinary record in prison.  To be fair, "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider." *Pepper v. United States*, 562 U.S. 476, 491 (2011); *see also United States v. Williams*, 972 F.3d 815, 817 (6th Cir. 2020) (remanding a denial of a sentence-reduction motion because the district court "did not mention [the defendant's] argument regarding his post-conviction conduct").  But there is no reason to think that the district judge here ignored Hogg's disciplinary record.  *See Hampton*, 985 F.3d at 533 ("We see no reason to believe that the district court, as [the defendant] suggests, brushed aside his arguments or failed to consider the entire record.").  Indeed, the record reflects that the district court considered Hogg's assertion that he was rehabilitated.  The court simply disagreed with that assertion, concluding that Hogg's "criminal history of multiple and regular criminal offenses" indicated that Hogg would not "make the best" of release.  Besides, a "district court does not abuse its discretion simply by failing to explicitly address each individual argument put forward by the defendant in support of a sentence reduction." *United States v. Rafidi*, 842 F.

3

App'x 1017, 1023 (6th Cir. 2021); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018). Thus, the district court did not err when it omitted a reference to his disciplinary record.

Hogg also contends that the district court overemphasized his convictions from the 1990s and that he had served less than 40 percent of his sentence. But he concedes that the district court could consider those facts. In essence, then, Hogg asks the panel to balance the § 3553(a) factors differently—a task this court has repeatedly declined to do. *See, e.g.*, *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013); *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). Courts should not lightly second-guess the weight that the district court gives the § 3553(a) factors. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). And Hogg gives us no compelling reason to re-weigh them here. Hogg had a lengthy criminal history and previously violated the conditions of his release. Although some of his violent offenses were from the 1990s, one offense from 1995 was resisting the police. Hogg committed a similar violent offense much later when in 2011—a month before a grand jury indicted him on the counts here—he again evaded the police. Thus, the district court could reasonably assume that Hogg had not outgrown this behavior.

The judgment of the district court is **affirmed**.