RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0013p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JEFFREY HAMPTON,

*Defendant-Appellant*.

No. 20-3649

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:09-cr-00145-2—Patricia A. Gaughan, District Judge.

Decided and Filed:  January 19, 2021

Before:  KETHLEDGE, THAPAR, and READLER, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Christian J. Grostic, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant.  Elizabeth M. Crook, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

CHAD A. READLER, Circuit Judge.  Federal prisoner Jeffrey Hampton seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He is not alone in that respect.  Current public health conditions have generated many similar requests, which the district courts have worked expeditiously to resolve.

Over time, we too have lent a hand.  Beginning largely with our decision in *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020), we have issued a series of opinions articulating how district courts, following enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A).  In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction.  *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *see also Ruffin*, 978 F.3d at 1006–07.  A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.  U.S.S.G. § 1B1.13; *United States v. Elias*, --- F.3d ---, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1108).

Here, the district judge, who was not the original sentencing judge, denied Hampton's motion in a two-sentence order.  Order, *United States v. Hampton*, No. 1:09-cr-145 (N.D. Ohio June 5, 2020).  Citing "the reasons stated in the [government's] brief," the order concluded that Hampton failed to meet the requirements of § 3582(c)(1)(A)(i).  *Id.*  At the time of that decision, however, neither the district court nor the parties had the benefit of our current interpretation of § 3582(c)(1)(A).  And in measuring that order against our current case-law backdrop, we do not know whether the district court denied Hampton's motion based upon permissible grounds advanced by the government under § 3582(c)(1)(A)(i)—that Hampton failed to demonstrate extraordinary and compelling circumstances—or instead denied Hampton release due to a strict application of U.S.S.G. § 1B1.13, which the government invoked, but which is no longer a mandatory step Hampton must satisfy.  As a result, in this unique instance, the district court's assessment does not provide for "meaningful appellate review."  *Jones*, 980 F.3d at 1116; *see also United States v. Gaston*, --- F. App'x ---, No. 20-3769, 2020 WL 6867187, at *2 (6th Cir. Nov. 23, 2020).  We therefore remand this case to the district court.

I.

In 2009, Hampton pleaded guilty to conspiracy to distribute cocaine and aiding and abetting possession of a firearm in furtherance of the conspiracy.  The district court sentenced Hampton to 204 months, later reducing his sentence to 180 months based on an amendment to the Sentencing Guidelines, *see* U.S.S.G. Supp. App. C., Amend. 782 (2014), which retroactively

reduced by two the offense level assigned to his drug offense. *See* 18 U.S.C. § 3582(c)(2). Hampton now seeks a further reduction by way of compassionate release under a different statutory provision, 18 U.S.C. § 3582(c)(1)(A).

Before Hampton could seek relief from the district court, he had to "exhaust[] all administrative rights," or, alternatively, wait 30 days after the warden's first "receipt of [his] request." 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Hampton sought administrative relief, but then filed his motion with the district court before the warden's 30-day response period had run. Hampton's failure to satisfy the statutory prerequisites gave the district court license to dismiss his motion without prejudice. *Alam*, 960 F.3d at 836. But the court instead held the motion "until the 30-day window ran its course" before proceeding to the merits. *Id.* Because the government did not raise an exhaustion issue on appeal, and because the issue "is not jurisdictional," we "do not consider this issue further." *Ruffin*, 978 F.3d at 1004.

On the merits, the district court denied Hampton's motion in a two-line order:

Defendant's Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) is DENIED for the reasons stated in the response brief (Doc. #222). The Defendant has not met the requirements of 18 U.S.C. 3582(c)(1)(A)(i).

Order, *United States v. Hampton*, No. 1:09-cr-145 (N.D. Ohio June 5, 2020). Hampton contends that the district court abused its discretion by denying his request for release "for the reasons stated" in the government's brief, without further explanation.

By statute, three substantive requirements must be met before a district court may grant compassionate release. 18 U.S.C. § 3582(c)(1)(A); *Ruffin*, 978 F.3d at 1004–05. First, the court must determine that "extraordinary and compelling reasons warrant" a sentence reduction. *Ruffin*, 978 F.3d at 1004 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, *see* U.S.S.G. § 1B1.13. *Ruffin*, 978 F.3d at 1005. Third, the court must consider the applicable § 3553(a) factors. *Id.*; *see* 18 U.S.C. § 3582(c)(1)(A). Historically, only the Bureau of Prisons was authorized to seek an inmate's release under § 3582(c)(1)(A). *See Jones*,

980 F.3d at 1104 (citing 18 U.S.C. § 3582(c)(1)(A) (1984)).  But with the passage of the First Step Act, a prisoner may bring such a motion on his own accord, a practice we now see somewhat routinely in light of the COVID-19 pandemic.  *See* 18 U.S.C. § 3582(c)(1)(A) (2017).  And when a prisoner does so, the First Step Act renders U.S.S.G. § 1B1.13 inapplicable, meaning district courts enjoy "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."  *Jones*, 980 F.3d at 1111.  That leaves a district court to focus on steps one and three, as it may now "skip step two of the § 3582(c)(1)(A) inquiry."  *Id.*

## II.

Turning to Hampton's appeal, the district court "denied" Hampton's request for release "for the reasons stated in the [government's] brief."  Order, *United States v. Hampton*, No. 1:09-cr-145 (N.D. Ohio June 5, 2020) (concluding that Hampton "has not met the requirements of 18 U.S.C. [§] 3582(c)(1)(A)(i)").  We review denials of compassionate release for an abuse of discretion.  *Ruffin*, 978 F.3d at 1004–05.  An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law."  *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)).

On appeal, Hampton contends that the district court's order denying him compassionate release leaves open the possibility that it turned on an impermissible consideration.  That two-line order, issued without the benefit of a hearing, cited "the reasons stated" in the government's brief as the basis for denying Hampton relief under § 3582(c)(1)(A)(i).  Section 3582(c)(1)(A)(i) requires Hampton to demonstrate extraordinary and compelling circumstances warranting his release.  In its brief in the district court, the government cited numerous reasons why Hampton failed to do so.  Among them, the government argued that "[t]he commentary for U.S.S.G. § 1B1.13 gives circumstances the Court should consider in deciding whether compassionate release is appropriate."  Amplifying the point, the government then asserted that "Hampton's records do not establish a substantiated 'medical condition' of the type and gravity sufficient to justify release consistent with Subsections A and B of the Guidelines commentary."

Until recently, denying relief solely based on an inmate's failure to demonstrate the extraordinary and compelling factors set forth in § 1B1.13 would have been appropriate. But today, those factors do not control in cases involving defendant-filed motions. *See, e.g.*, Order, *United States v. Ammons*, No. 20-5799, at \*2 (6th Cir. Dec. 9, 2020) (finding that remand was warranted because the district court indicated it did not have authority to find extraordinary and compelling circumstances beyond those listed in § 1B1.13). And as the order here fails to identify which specific aspect(s) of the government's brief the district court found compelling, we cannot be sure whether the district court permissibly relied upon its discretionary determination that Hampton failed to demonstrate extraordinary and compelling reasons, or, alternatively, impermissibly denied relief based solely on Hampton's failure to demonstrate a circumstance set forth in § 1B1.13.

In many instances, we note, a "barebones form order" would suffice for purposes of informing our review. *See United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) ("Because it is clear that the judge relied on the record when declining to modify McGuire's sentence, even a 'barebones form order' could have sufficed." (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1968 (2018))). For example, had the district court's order referenced the government's argument as to why Hampton failed to satisfy the § 3553(a) factors, *see* § 3582(c)(1)(A), that determination likely would have provided us with a sufficient, alternative basis for review. *See Ruffin*, 978 F.3d at 1006 (noting this Court "may affirm the denial of relief based on the third discretionary rationale alone"); *see also McGuire*, 822 F. App'x at 480–81 (affirming on the § 3553(a) factors alone); *Jones*, 980 F.3d at 1108 (same). In this unique setting, however, one informed by recent decisions from this Court, we lack an adequate basis for "meaningful appellate review." *Jones*, 980 F.3d at 1116; *see also McGuire*, 822 F. App'x at 480.

\*　　\*　　\*　　\*　　\*

We see no reason to believe that the district court, as Hampton suggests, brushed aside his arguments or failed to consider the entire record. But as the district court lacked the benefit of subsequent decisions from this Court, its failure to provide the specific reason(s) for denying

relief requires us to vacate and remand Hampton's case for further consideration in light of our recently announced precedent.