NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0103n.06

Case No. 20-5757

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 25, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |
| ROBERTO MANIER, | ) | |
|     Defendant-Appellant. | ) | OPINION |

BEFORE: GIBBONS, WHITE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Roberto Manier was sentenced to 100 months in prison after he sold cocaine to a police informant. Less than 30 months into his sentence, he filed a motion for compassionate release. Manier had developed prostate cancer. And he argued that his medical condition, along with the COVID-19 pandemic, warranted early release.

When a defendant files a motion for compassionate release, he must show that: (1) "extraordinary and compelling reasons" justify release, and (2) the sentencing factors outlined in § 3553(a) support release. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Elias*, 984 F.3d 516, 518–19 (6th Cir. 2021). The government conceded that Manier's cancer diagnosis was an "extraordinary and compelling" reason. But the district court held that the § 3553(a) factors weighed against release and denied Manier's motion. It also held, in the alternative, that Manier was ineligible for compassionate release under the Sentencing Commission's policy statement.

On appeal, Manier argues that the district court incorrectly applied the Sentencing Commission's policy statement. But even if he's right, we must still affirm. A district court may deny compassionate release based on the § 3553(a) factors alone. *Elias*, 984 F.3d at 519. And Manier does not contest the district court's holding that the § 3553(a) factors weighed against release.

In any event, a challenge to the court's balancing of the § 3553(a) factors likely would not have succeeded. We review compassionate release decisions for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). If we are "satisfied that the district court considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority," even a "barebones form order w[ill] suffice." *United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) (cleaned up); *United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021) (cleaned up). Here, the district court provided a three-page analysis detailing why the § 3553(a) factors weighed against release: Manier has an extensive criminal history; Manier has repeatedly violated the conditions of his release; the Bureau of Prisons is adequately treating Manier's cancer (at no cost to Manier); and a sentence of less than 30 months would be unusually low given Manier's crime. The district court's reasoning was more than sufficient to support the denial of compassionate release.

We affirm.