NOT RECOMMENDED FOR PUBLICATION
**File Name: 21a0115n.06**

No. 20-1832

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

      v.

BRYAN SORRELL,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**

Mar 03, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

---

BEFORE: McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Bryan Sorrell appeals the district court's denial of his motion for compassionate release. He argues that that the district court erred by applying the policy statement contained in United States Sentencing Guidelines § 1B1.13 to conclude that he was ineligible for release, and that its weighing of the 18 U.S.C. § 3553(a) factors was an abuse of discretion. While it has now been established that § 1B1.13 does not apply to defendant-brought motions for compassionate release, we affirm because the district court adequately explained why the § 3553(a) factors did not weigh in Sorrell's favor.

I.

In 2015, a jury convicted Sorrell and others of several charges, including conspiracy to commit murder in aid of racketeering, arising from their involvement in the Phantom Outlaw Motorcycle Club. The evidence put forward at the trial established that Sorrell shot Leon McGee,

a member of a rival motorcycle gang, several times on September 8, 2013. *See United States v. Nicholson*, 716 F. App'x 400, 407 (6th Cir. 2017). The district court sentenced Sorrell to 252 months in prison, and he began serving his term of imprisonment in November 2015 with a projected release date of September 23, 2031.

On July 20, 2020, Sorrell moved the district court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He asserted that the COVID-19 pandemic constituted an extraordinary and compelling circumstance warranting a sentence reduction because his asthma rendered him especially vulnerable, and his rehabilitation while incarcerated meant that he did not pose a danger to the community if released. Further, defendant argued that the § 3553(a) factors weighed in his favor because he had been rehabilitated. The government opposed Sorrell's motion.

In a four-page written order, the district court sided with the government. It concluded that the § 3553 factors did not weigh in Sorrell's favor because "[t]he nature and circumstances of this offense were extremely violent and harmful" and "[t]here is a need for the long sentence the Court imposed to promote respect for the law, provide just punishment, adequately deter criminal conduct, and to protect the public from further crimes by Mr. Sorrell, notwithstanding his good conduct in a prison environment." As an alternative ruling, the court further concluded defendant had not demonstrated any extraordinary and compelling reason warranting a reduction of his sentence, citing § 1B1.13, and that Sorrell would still be a danger to the safety of the community meaning that he was ineligible for compassionate release. Sorrell timely appealed.

## II.

### A.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This prohibition, however, comes with a few

exceptions. *Id.* § 3582(c)(1)–(2). Among them, a district court may grant what has come to be known as "compassionate release." While compassionate release has long been a feature of federal law, the First Step Act of 2018 allowed incarcerated persons to file their own motions for the first time, rather than relying on the Bureau of Prisons. This, combined with the ongoing pandemic related to COVID-19, has resulted in the rapid development of our compassionate release jurisprudence. Accordingly, since the district court's denial of Sorrell's motion, we have issued several precedential decisions providing guidance on how district courts are to evaluate compassionate release motions brought by prisoners. *See, e.g.*, *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *United States v. Quintanilla Navarro*, 986 F.3d 668 (6th Cir. 2021); *United States v. Hampton*, 985 F.3d 530 (6th Cir. 2021); *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021).

First, *Ruffin* explained that there are three substantive requirements for granting compassionate release under § 3582(c)(1)(A). 978 F.3d at 1004–05. "[T]he court initially must 'find' that 'extraordinary and compelling reasons warrant such a reduction.'" *Id.* at 1004 (quoting § 3582(c)(1)(A)(i)). Second, "the court next must 'find' 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* at 1005 (brackets omitted) (quoting § 3582(c)(1)(A)(ii)). Third, "[e]ven if a district court finds that extraordinary and compelling reasons exist and that a sentence reduction comports with [the applicable policy statements], the court may not grant the reduction before 'considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* (quoting § 3582(c)(1)(A)). Where

a district court denies a motion based on its weighing of the § 3553 factors, we review for an abuse of discretion. *Id.* at 1005.

Next, in *Jones*, we concluded that the policy statement contained in U.S.S.G. § 1B1.13 does not apply to defendant-brought motions for compassionate release. *See Jones*, 980 F.3d at 1108–11. *Elias* then reiterated that district courts have discretion to define "extraordinary and compelling reasons" differently than § 1B1.13, and further clarified that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." 984 F.3d at 519.

Our most recent cases have grappled with the adequacy of district courts' explanation for denying compassionate release. In *Hampton*, we held that remand was warranted where it was unclear whether the district court strictly relied on § 1B1.13 to deny relief or had independently concluded that the defendant had not demonstrated extraordinary and compelling circumstances. 985 F.3d at 531. This "unique instance," we said, meant that the "district court's assessment [was] not [amenable] [to] 'meaningful appellate review.'" *Id.* (quotation omitted). *Quintanilla Navarro* addressed a related issue: the extent to which a district court may use a "barebones" form order to deny a motion for compassionate release. 986 F.3d at 670–72. We concluded, based on Supreme Court guidance, that the defendant's motion for compassionate release—premised solely upon the advent of the COVID-19 pandemic and the defendant's poor health—was a "conceptually simple matter" that could be resolved by form order. *Id.* at 670 (internal quotation marks omitted). Most recently, we reiterated in *Sherwood* that Guidelines § 1B1.13(2)'s requirement that a defendant not be a danger to the community is not a permissible basis for the denial of a defendant-initiated motion for compassionate release, although district courts are free to consider a defendant's history

and characteristics, including his propensity to be a danger to the community, when balancing the § 3553(a) factors. 986 F.3d at 953–54.

B.

We now turn back to the issues presented by defendant's appeal.

As an initial matter, the government concedes that the district court mistakenly relied on U.S.S.G. § 1B1.13 both to define "extraordinary and compelling reasons" and to conclude that Sorrell's present dangerousness rendered him ineligible for compassionate release under § 1B1.13(2). Although the matter was unsettled when the district court resolved Sorrell's motion, *Jones* and *Elias* make clear that U.S.S.G. § 1B1.13 is not an applicable policy statement for defendant-initiated motions for compassionate release. *See Elias*, 984 F.3d at 519. However, because the district court also explained that it would deny relief based on its weighing of the § 3553(a) factors, its application of § 1B1.13 does not require reversal. *See Ruffin*, 978 F.3d at 1008. In other words, this is not a case where it was unclear whether the district court gave more than one independent justification to deny the motion as in *Hampton*, nor is it a case akin to *Sherwood* where the district court relied solely upon § 1B1.13(2) to deny relief.

Regarding the district court's weighing of the § 3553 factors, Sorrell claims that the district court did not sufficiently recognize his rehabilitative efforts, his good behavior in prison, and the Bureau of Prison's assessment that he is at a low risk for recidivism. He further observes that other district court judges have granted sentencing reductions to other prisoners who had served only small percentages of their sentence at the time their motion for compassionate release was granted.

These arguments are unconvincing to establish an abuse of discretion in the district court's order. At bottom, the court recognized the positive developments in Sorrell's life since he had been incarcerated, but nevertheless concluded that they were insufficient to tip the § 3553(a) scales

in his favor—specifically citing the factors it thought relevant in the process. Even if another district judge would weigh the § 3553(a) factors differently than the court did here, we see no abuse of discretion in the court's reasoning because it did not rely on clearly erroneous findings of fact, employ an erroneous legal standard, or improperly apply the law. *See United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020).

Finally, to the extent that defendant challenges the adequacy of the district court's explanation and faults it for not conducting an extensive "contemporaneous review" of the § 3553 factors, *Quintanilla Navarro* establishes that the district court's four-page order did enough to explain its reasoning to enable meaningful appellate review. Nothing more is required. *See* 986 F.3d at 670–71 (citing *United States v. Chavez-Meza*, 138 S. Ct. 1959, 1966 (2018)); *see also United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020) ("[B]usy district courts do not abuse their discretion in this context merely because they do not issue exhaustive opinions.").

III.

For these reasons, we affirm the judgment of the district court.