NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0140n.06

Case No. 20-3848

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 17, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| JACOB GREENE, | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

---

Before: SUHRHEINRICH, SILER, and SUTTON, Circuit Judges.

SILER, Circuit Judge.    Defendant Jacob Greene appeals the district court's order denying his motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A). Greene argues that the district court abused its discretion by issuing a non-document two-sentence order that failed to provide a reasoned basis for the rejection of his arguments in support of his release and that relied upon clearly erroneous facts. Because we find the non-document order sufficient, we affirm.

I.

In 2017, Greene and his co-defendant conspired to distribute heroin and fentanyl. During this time, both defendants made heroin sales, which also contained carfentanil and acrylphentanyl, to a confidential informant.

A grand jury later indicted Greene on five counts: knowingly possessing with the intent to distribute 100 grams of a mixture of heroin and carfentanil, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 846 (Count One); knowingly possessing with the intent to distribute a mixture of heroin and carfentanil, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Four); knowingly and intentionally distributing a mixture of heroin and carfentanil, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Five); knowingly and intentionally distributing 8.7 grams of a mixture of heroin and carfentanil, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Six); and knowingly possessing with the intent to distribute 8 grams of a mixture containing fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Seven).

Pursuant to a written plea agreement, Greene pled guilty to Count One and the government dismissed the remaining counts. Greene qualified as a career offender with a guideline range of 188 to 235 months. Nevertheless, in 2018, the district court sentenced Greene to 120 months' imprisonment. He has been in custody since November 27, 2017, and is scheduled to be released in 2026.

On April 28, 2020, Greene requested compassionate release from the Warden at the Federal Medical Center in Lexington, Kentucky, where he is incarcerated. One month later, the Warden responded that Greene's request was being processed for further review. With no further response or ruling from the Warden, Greene filed a pro se motion for compassionate release in the district court on June 9, 2020, based on his medical conditions and the Covid-19 pandemic. Later, Greene, with the assistance of counsel, filed a supplement to his motion.

In his motion, Greene detailed his medical history and health problems, including his kidney issues that have resulted in three kidney transplants. Now, he is required to take daily medications that are immunosuppressive therapies, which lower his ability to fight infections. He

also suffers from heart issues, high blood pressure, type two diabetes, and he has a history of seizures. He tested positive for Covid-19 on May 1, 2020, which resulted in his admittance to the hospital for ten days, until his symptoms improved. He stated that the Bureau of Prisons has classified his medical care at Level 3, which is defined as "fragile outpatients who require frequent clinical contact, and/or who may require some assistance with activities of daily living . . . [and] may require periodic hospitalization." Relying upon his health issues and the Covid-19 pandemic, Greene claimed that this constituted an extraordinary and compelling circumstance under 18 U.S.C. § 3582(c)(1)(A)(i). Greene further claimed that he was not a risk of danger to the public. In support, he provided documents detailing his rehabilitative efforts during his incarceration.

The government opposed Greene's motion, arguing that Greene had not demonstrated extraordinary and compelling reasons to warrant a reduction. It also argued that Greene still posed a danger to the community and the § 3553(a) factors did not support release.

The district court denied Greene's compassionate release motion via a non-document order before he could file a reply brief. The order states:

> Petitioner's Motion to Consider Petitioner's Emergency Motion for Compassionate Release/Reduction in Sentence pursuant to 3582(c)(1)(A) and 4205(g) is DENIED for failure to show extraordinary and compelling circumstances, particularly given that defendant has already contracted COVID-19 and was properly treated. Further, he is a danger to the community based upon his conviction and prior criminal history.

Greene appeals that decision.

## II.

The compassionate release statute allows the district court to reduce a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction; that a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); *see*

*United States v. Ruffin*, 978 F.3d 1000, 1004–05 (6th Cir. 2020). But where an inmate files the motion for compassionate release, "district courts need not consider" the policy statement in § 1B1.13 of the Sentencing Guidelines. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). And because satisfying the § 1B1.13 policy statement is no longer a requirement for defendant-filed compassionate release motions, the policy statement's requirement that the defendant not be a danger to the community no longer provides an independent basis for denying compassionate release. *United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021). In other words, a district court may deny a defendant-filed motion only when it finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release. *See Elias*, 984 F.3d at 519.

We review a district court's denial of compassionate release for an abuse of discretion. *See Ruffin*, 978 F.3d at 1005.

In the present case, the government "does not contest that Greene suffered from a serious medical condition . . . that substantially diminished his ability to provide self-care in prison during the" Covid-19 pandemic." Appellee's Br. at 23. Consequently, the government does not provide any argument opposing Greene's contention that the district court erred in finding that he failed to present any extraordinary and compelling circumstances existed for release. Also, given that the district court did not need to consider whether Greene posed a danger to the community under § 1B1.13(2), on appeal we only need to review whether the district court abused its discretion in denying Greene's compassionate release motion based on its evaluation of the relevant § 3553(a) factors. *See Ruffin*, 978 F.3d at 1008 (finding that we did not need to address the district court's rationales for denying compassionate release regarding the lack of extraordinary and compelling reasons for release and the defendant posing a danger to the community because we could affirm the denial based on the district court's evaluation of the § 3553(a) factors).

The § 3553(a) factors include, among others, "the nature and circumstances of the offense"; the defendant's "history and characteristics"; the need for the sentence "to promote respect for the law," to "provide just punishment for the offense," to "afford adequate deterrence," and to "protect the public"; and the kinds of sentences available. 18 U.S.C. § 3553(a)(1)-(3). The question of whether the district court properly weighed the § 3553(a) factors implicates "district courts' obligations to explain their factual reasons when issuing compassionate release decisions." *United States v. Jones*, 980 F.3d 1098, 1111–12 (6th Cir. 2020). District courts are required to provide the reasons for their decisions and must "set forth enough to satisfy the appellate court that [they] ha[ve] considered the parties' arguments and ha[ve] a reasoned basis for exercising [their] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). But "busy district courts do not abuse their discretion in this context merely because they do not issue exhaustive opinions." *United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020). A district court need not issue a "full opinion" where the issue is "conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments." *Jones*, 980 F.3d at 1113 (quoting *Chavez-Meza*, 138 S. Ct. at 1964). And "[w]hen reviewing such a discretionary decision, we consider the entire record, including the court's balancing of the § 3553(a) factors at the original sentencing." *Ruffin*, 978 F.3d at 1008.

In regard to the seriousness of the offense and the nature and circumstances of the offense, Greene's conduct of conspiring to distribute heroin and carfentanil is highly dangerous criminal conduct that cannot go unnoticed. At sentencing, the district judge explicitly stated that she considered the underlying conduct an "extraordinarily serious offense." In support, she explained, "People are dying every single day because of drug traffickers such as yourself." This conduct

was also not a single occurrence, but was repeated behavior that Greene chose to engage in until he was reprimanded.

Further, Greene's extensive criminal history supports the district court's determination. The Pre-Sentence Report shows Greene's criminal history began at age twenty when he was charged with attempted drug abuse. Over the next several years, Greene was charged with multiple offenses, including operating a motor vehicle under the influence of alcohol/drugs, vandalism, driving under the influence, trafficking, driving under suspension, attempted tampering with evidence, and drug possession. Most notably, Greene's criminal history includes three previous drug-trafficking convictions in Cuyahoga County. In 2012, he was sentenced to ten months concurrently for two separate convictions for selling heroin. And in 2014, Greene was sentenced to thirty-six months for trafficking heroin again. These three separate trafficking convictions qualified Greene as a career offender. At sentencing, the district court stated, "When I look at your criminal history and I see that you have four prior drug trafficking convictions, and that you began selling drugs only three months after being released from prison on your last drug trafficking offense, you deserve no consideration." district court properly concluded that Greene's underlying offense and criminal history weighed against release under the circumstances.

In addition, the district court did not abuse its discretion in issuing a non-document order denying Greene's motion for compassionate release because it was sufficient to indicate that the district court considered the parties' arguments and had a reasoned basis for its decision based on the relevant § 3553(a) factors. *See Chavez-Meza*, 138 S. Ct. at 1966. We recently noted that "[i]n many instances . . . a 'barebones form order' would suffice for purposes of informing our review." *Hampton*, 985 F.3d at 533 (citation omitted). Even more applicable to this case, this court previously affirmed a district court's denial of compassionate release that was in the form of a non-

document order just like the one at issue in this case. *United States v. Rafidi*, No. 20-3749, 2021 WL 424443, at *4–5 (6th Cir. Feb. 8, 2021).

Based on prior precedent, the district court adequately explained the reasons why it was denying Greene's motion for compassionate release. Its non-document order acknowledged Greene's medical issues, and it cited the relevant § 3553(a) factors that provided the basis for its decision, namely "the seriousness of the offense," "the history and characteristics of the defendant," and the need "to protect the public from further crimes of the defendant." *Cf. United States v. Howard*, 644 F.3d 455, 461 (6th Cir. 2011); 18 U.S.C. § 3553(a).

Additionally, the district court did not abuse its discretion simply by failing to explicitly address each individual argument put forward by the defendant in support of a sentence reduction. *See Chavez-Meza*, 138 S. Ct. at 1967 (affirming the district court's sentence modification to 114 months in which the district court did not specifically address Chavez-Meza's argument "to reduce his sentence to 108 months" emphasizing "various educational courses he had taken in prison"). And contrary to Greene's arguments, the court did not rely on any clearly erroneous facts. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.")

Ultimately, the district court did not err by issuing the non-document order—the order was sufficient to ensure the district court had a reasoned basis for the decision and had considered the parties' arguments in coming to that decision.

III.

For the reasons stated above, the district court's denial of compassionate release is **AFFIRMED**.