NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0158n.06

Case No. 20-4134

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| LEONARD JONES, JR., | ) | OHIO |
|     Defendant-Appellant. | ) | |

BEFORE: DAUGHTREY, MOORE, and THAPAR, Circuit Judges.

PER CURIAM. Leonard Jones, Jr., is a federal prisoner and, like many, is worried about contracting COVID-19. So he filed a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). The United States argued that the Sentencing Guidelines' "binding policy statement" required Jones to prove that he was "not a danger to the community" under specific criteria. R. 157, Pg. ID 1161 (citing U.S.S.G. § 1B1.13(2)). And this, the government contended, Jones could not do. The district court agreed that Jones had "failed to demonstrate that he is not a danger to the community" and denied the motion. R. 163, Pg. ID 1330.

Since the district court issued its order, we have clarified that district courts confronting a defendant's motion for compassionate release are *not* bound by the U.S.S.G. § 1B1.13 policy statement. *E.g.*, *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020). But they still must balance various sentencing factors,

including the general need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C); *Elias*, 984 F.3d at 519. We cannot tell whether the district court erroneously believed it was bound by the policy statement, or whether it simply relied on a balancing of the sentencing factors. *See United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021); *United States v. Whited*, 835 F. App'x 116, 117 (6th Cir. 2021) (involving an almost identical order). So we vacate the order and remand to the district court for further consideration of Jones's motion with the benefit of our more recent caselaw.