NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0269n.06

Case No. 20-4261

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jun 03, 2021
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRIAN SINGLETON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: STRANCH, BUSH, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** In its order denying federal inmate Brian Singleton's motion for compassionate release, the district court identified a number of grounds that counseled against Singleton's request, including his "three previous state court conviction[s] for drug trafficking." That latter observation, however, overstated by one conviction Singleton's drug-trafficking history. On appeal, Singleton argues that this factual error warrants reconsideration of his motion by the district court. Viewing the record as a whole, we disagree, and thus affirm.

I.

In December 2014, Singleton pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The district court sentenced Singleton to 140 months' imprisonment, to run concurrently

with a state sentence he was already serving. With credit for time served, Singleton is scheduled to be released from prison in February 2025.

Following the onset of the COVID-19 pandemic, Singleton filed a motion for compassionate release in accordance with 18 U.S.C. § 3582(c)(1)(A). In response, the government conceded that Singleton's medical conditions—type II diabetes and obesity—qualified as "extraordinary and compelling reasons" to justify his release, but nonetheless opposed Singleton's motion on the basis that the 18 U.S.C. § 3553(a) factors "strongly disfavor[ed] a sentence reduction." Among the reasons the government cited for denying relief were Singleton's participation in a multi-year drug-trafficking conspiracy while on post-release control; his previous convictions for drug trafficking, assault on a police officer, and possession of firearms; and that the length of his sentence reflects the seriousness of his offense, particularly in light of the "epidemic" of drug and opiate abuse in northern Ohio.

In a written order, the district court denied Singleton's motion. The court acknowledged that Singleton's medical conditions "marginally increase[] his risk of complications if he contracts COVID-19." But the court "agree[d] with the Government that the § 3553 factors do not support compassionate release." Singleton, the court observed, "was a higher-level participant in [a] drug trafficking conspiracy that involved a large quantity of drugs," and "has three previous state court conviction[s] for drug trafficking." *See* 18 U.S.C. § 3553(a)(1). The court also was "not convinced that Singleton would not be a danger to the public or that releasing Singleton now would provide just punishment and reflect the seriousness of the offense for which he is currently incarcerated." *See id.* § 3553(a)(2).

II.

By statute, a district court may grant an inmate's motion for compassionate release if it finds that (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) sentencing factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Wright*, 991 F.3d 717, 718 (6th Cir. 2021). We recently held, however, that the current policy statement concerning compassionate release, U.S.S.G. § 1B1.13, is inapplicable to motions filed by inmates, which leaves Singleton with only two "prerequisites" to satisfy. *United States v. Elias*, 984 F.3d 516, 518–19 (6th Cir. 2021); *see also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). If either of the remaining "prerequisites" are "lacking," his motion fails. *Elias*, 984 F.3d at 519.

The district court denied Singleton's motion on the ground that the § 3553(a) factors did not support a sentence reduction. Singleton alleges just one flaw in that analysis: the district court stated that Singleton had three prior drug-trafficking convictions when the Presentence Investigation Report indicated that he had only two (a misstatement the government does not contest). According to Singleton, this "clearly erroneous factual finding" requires remand. We review the district court's determination for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).

All agree that the district court miscounted Singleton's prior drug-trafficking convictions. A factual mistake of that sort, however, does not amount to a per se abuse of discretion. Rather, a district court abuses its discretion only when it "*relies* on clearly erroneous findings of fact." *Elias*, 984 F.3d at 520 (emphasis added) (quoting *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020)); *see also United States v. Lebron*, --- F. App'x ---, 2021 WL 1103625, at *3 (6th Cir. Mar.

23, 2021) (declining to remand despite the district court's misstatement about where the defendant was imprisoned because the court "did not rely on" the facility's conditions in its analysis).

We have not fully articulated how to measure whether a district court "relied" on erroneous information in deciding a motion for compassionate release. We have done so, however, in the sentencing context—a helpful guide here in that we evaluate a district court's sentencing and compassionate release/sentence reduction decisions under similar standards. *See United States v. Adams*, 873 F.3d 512, 518 (6th Cir. 2017) (explaining that a "district court abuse[s] its discretion only if it *base*[*s*] the defendant's sentence on . . . erroneous information" (emphasis added)). To determine whether a district court relied upon a factual error at sentencing, we ask whether "the sentence might have been different in the absence of that information," which involves considering if "the information in question appears to have been an important factor in determining the sentence." *Id.* (cleaned up) (quoting *United States v. Wilson*, 614 F.3d 219, 224 n.3 (6th Cir. 2010)).

Following that lead, we do not believe the district court would have reached a different conclusion had it correctly counted Singleton's drug-trafficking convictions. When viewed against the entirety of the district court's § 3553(a) analysis and the record, the court's error was not an "important factor" in its conclusion. *Id.*; *see Ruffin*, 978 F.3d at 1008 (explaining that "a district court does not abuse its discretion in denying a sentence reduction as long as 'the record as a whole satisfies us that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority'" (cleaned up) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018))). The district court, as it acknowledged during Singleton's original sentencing hearing (conducted by the same judge who denied Singleton's compassionate-release motion), was aware of Singleton's "relatively terrible past record," which it found to be

4

"worrisome." *See Elias*, 984 F.3d at 520 (explaining that our review of a district court's § 3553(a) analysis "examines the entire sentencing record, 'including the records from the original sentencing . . . and the final compassionate release decision'" (quoting *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020))); *see also United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020) (noting that it is "common" for a district court to have already "considered and balanced the § 3553(a) factors the first time around at the original sentencing"). During Singleton's sentencing hearing, the district court provided a fulsome analysis, including a description of Singleton's role as an upper-level participant in a drug-trafficking conspiracy involving large quantities of drugs, characteristics of Singleton's prior offenses, and information about his personal background. There is no indication that the district court, during the hearing, miscounted the number of Singleton's previous drug-trafficking convictions; the parties did not mention them, and Singleton did not object to the portion of the Presentence Investigation Report listing them. And in its order here, the district court, in addition to citing Singleton's previous drug-trafficking convictions, similarly explained its conclusions about Singleton's role in the conspiracy, that he could endanger the public if released early, and that a sentence reduction would not "provide just punishment" or "reflect the seriousness" of his most recent crime. For all these reasons, the court concluded, the § 3553(a) factors did not support compassionate release.

Those aspects of Singleton's case resemble *United States v. Austin*, where we affirmed a denial of compassionate release even though the district court erroneously stated that Austin had served only two (rather than five) years of his sentence. 825 F. App'x 324, 326–27 (6th Cir. 2020) (order) (taking a "deferential" view of the district court's balancing of the § 3553(a) factors and finding no abuse of discretion in the court's denial of compassionate release). Just as that mistake did "not undermine the district court's broader point that Austin had served only a fraction of his

sentence," the district court's error here did not "undermine" its "broader point" that Singleton had multiple prior drug-trafficking convictions, which it considered to weigh against his release. *Id.* at 326. To the same end is *United States v. Tahir*, No. 20-1971, 2021 WL 1390388 (6th Cir. Mar. 31, 2021) (order). There, the district court incorrectly identified by approximately five months the date on which Tahir began to serve his sentence. *Id.* at *2 n.1. "But that difference," we explained, "[did] not undermine any of the district court's other factual determinations, and nothing in the record suggest[ed] that the slight discrepancy had any impact on the district court's analysis." *Id.* (finding no abuse of discretion and affirming the denial of Tahir's motion for compassionate release). As in *Tahir*, the district court's miscounting of Singleton's prior convictions was minor when considered against the broader record. *See id.* Nor does Singleton point to any evidence that the district court's mistake "had any impact on [its] analysis." *Id.*

For these reasons, this case is unlike *United States v. Sinks*, No. 20-6135, 2021 WL 237621 (6th Cir. Jan. 5, 2021) (order). There, we vacated and remanded an order denying compassionate release because the district court incorrectly calculated the amount of time Sinks had served, and then relied on that finding while considering several other § 3553(a) factors. *Id.* at *1 (explaining that the district court "conclude[ed] that releasing [Sinks] after such a small portion of his sentence would create unwarranted sentencing disparities and would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment"). Here, on the other hand, the district court's error was cabined to just one part of one of many factors. *See* § 3553(a)(1) (instructing the court to consider a number of factors regarding the defendant, including "the nature and circumstances of the offense and *the history* and characteristics of the defendant" (emphasis added)). And aside from its misstatement of the history of Singleton's drug-trafficking offenses,

the district court properly considered other factors in the context of "the offense for which [Singleton] is currently incarcerated."

Under these circumstances, we see no abuse of discretion in the district court's decision to deny compassionate release. *See Ruffin*, 978 F.3d at 1008–09. Accordingly, we affirm.