NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0282n.06

No. 20-6309

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jun 08, 2021 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| VICENTE CORONA, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     SUTTON, Chief Judge; SUHRHEINRICH and NALBANDIAN, Circuit Judges.

SUHRHEINRICH, Circuit Judge.   A jury convicted Vicente Corona of narcotics and money laundering conspiracies.  He now seeks a sentence reduction under the "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A).  The district court denied his request, concluding that Corona had not established any extraordinary and compelling reasons for compassionate release. We affirm.

In 2008, a jury found Corona guilty of conspiracy to transport cocaine and marijuana, conspiracy to commit money laundering and aiding and abetting others in distributing five or more kilograms of cocaine on three separate occasions. *See United States v. Corona*, 493 F. App'x 645, 647 (6th Cir. 2012).  Because he had three prior felony convictions, the district court enhanced his sentence under 21 U.S.C. §§ 851 and 841(b)(1)(A), from 360 months to life imprisonment.  We affirmed Corona's conviction and sentence. *Id.* at 659.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. Section 401 of the Act reduced the enhanced mandatory minimum sentences for certain controlled substance offenses. 132 Stat. at 5220–21. Prior to 2018, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of twenty years if a prior conviction was for a "felony drug offense." 21 U.S.C. § 841(b)(1)(A) (pre-2018 provision). Section 401 reduced the mandatory minimum to fifteen years, and only if the prior offense was a "serious drug felony." *Id.* (current version). However, Congress did not extend this change to a defendant sentenced before the First Step Act's enactment. The Act explicitly states that § 401 applies only to defendants sentenced after the Act's passage. *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021); 132 Stat. at 5221.

In July 2020, Corona filed a motion for compassionate release under § 3582(c)(1)(A), which allows a district court to reduce a defendant's sentence if "extraordinary and compelling reasons" exist and the 18 U.S.C. § 3553(a) factors also justify a sentencing reduction. *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). In support of the motion Corona cited a COVID-19 outbreak at his prison facility, his age, rehabilitative efforts, family support, and § 401's reduction of mandatory minimums for certain drug offenses. As to the final factor, Corona argued that two of his three prior drug felony convictions would not qualify as a "serious drug felony" under § 401 because for those two offenses he had not "served a term of imprisonment of more than 12 months." *See* 21 U.S.C. § 802(57).

After considering the factors "individually and in combination" the district court concluded that Corona had not proven any extraordinary and compelling reasons to warrant a compassionate release and denied the motion. Applying the application notes for USSG § 1B1.13,[1] the court held

---

[1] At the time the district court issued its decision, it was unclear whether the court was bound by the Sentencing Guidelines' definition of "extraordinary and compelling reasons." We resolved that question in *United States v. Elias*,

that Corona had not offered any documentation to substantiate the severity of any medical conditions; his age (51) was not considered extraordinary under the guideline, which applies only to persons 65 and older; and his family support was positive and not like the dire circumstances envisioned by the guideline. As to the § 401 factor, the court held § 401 did not apply to Corona because he was sentenced eight years before the First Step Act was passed. And to characterize the change in law as an extraordinary and compelling circumstance would "circumvent Congress's express intent."

Corona stays the course on appeal, arguing that the aforementioned factors "collectively provide extraordinary and compelling reasons to reduce" his life sentence.

Corona's argument is foreclosed by our recent decisions in *Tomes* and *United States v. Jarvis*, --- F.3d ----, 2021 WL 2253235 (6th Cir. June 3, 2021). The defendant in *Tomes* asserted that "the presence of COVID-19 in prisons, coupled with his increased susceptibility to serious illness from the virus because of [his] chronic asthma" constituted "extraordinary and compelling reasons" for a reduced sentence. *Tomes*, 990 F.3d at 501. He further claimed that "his rehabilitation, strong family support, and apparently inequitable sentence were extraordinary and compelling reasons for release." *Id.* at 502. He explained that if the First Step Act applied, his prior state convictions for trafficking in cocaine would not qualify as "serious drug felonies" and that the mandatory floor would therefore no longer have applied to him, resulting in a lower sentence. *Id.* at 505. The district court held that the defendant had failed to substantiate his medical condition claims. *Id.* The court also rejected Tomes's assertion that his rehabilitation, family

holding that district courts have full discretion to define the term without consulting the USSG § 1B1.13. 984 F.3d 516, 519–20 (6th Cir. 2021).

circumstances, and sentence, even when considered holistically, were extraordinary and compelling. *Id.* at 502.[2]

This court affirmed the district court's rejection of the defendant's chronic asthma and prison conditions argument. *Id.* at 504–05. We also held that the non-retroactive First Step Act amendment does not constitute an "extraordinary and compelling" reason to justify a sentence reduction, explaining that "we will not render § 401(c) useless by using § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Id.* at 505. We therefore affirmed the district court's denial of the defendant's motion for compassionate release. *Id.*

*Jarvis* involved similar issues. There, Jarvis moved for compassionate release. He argued that "if he were sentenced for the same offenses today, he would receive a sentence of 25 years, not 40 years." 2021 WL 2253235, at *1. In Jarvis's eyes, that fact, combined with COVID-19, Jarvis's high blood pressure, and his rehabilitation, amounted to an "extraordinary and compelling reason" for release. We disagreed. For a district court to consider a disparity arising from a non-retroactive or partially retroactive sentencing change, whether by itself or in combination with other factors, as part of its inquiry into extraordinary and compelling reasons would end run around congressional design. *Id.* at *1–2.

In this case, Corona raises a virtually identical argument to that in *Tomes* and *Jarvis*, that is, the current COVID-19 outbreak in his prison, his age, his rehabilitative efforts, his family support, and the First Step Act "collectively provide extraordinary and compelling reasons" for compassionate release. Like the court in *Tomes*, the district court in this case considered all of the

---

[2] In the lower court Tomes explicitly argued that the sentence disparity, along with his rehabilitative efforts, family circumstances, and medical conditions "*combine* to present extraordinary and compelling reasons." R. 244, *United States v. Hollis*, No. 3:16-cr-00113-DJH-HBB-2 (W.D. Ky. May 26, 2020) (emphasis added).

reasons presented by Corona, and concluded that none of them, individually or collectively, created extraordinary and compelling reasons warranting compassionate release. Thus, the district court did not abuse its discretion in finding no extraordinary and compelling reasons existed. *Tomes*, 990 F.3d at 504–05; *see also United States v. Wills*, --- F.3d ---, No. 20-6142, 2021 WL 1940430, at *2 (6th Cir. May 14, 2021) (affirming the district court's denial of compassionate release when it declined to circumvent Congress's expressed intent to consider the sentencing disparity as extraordinary and compelling).

Another recent decision of this court does not alter this conclusion. *See United States v. Owens*, No. 20-2139, 2021 WL 1811538 (6th Cir. May 6, 2021). Although acknowledging *Tomes*'s holding that a non-retroactive amendment does not qualify as an extraordinary and compelling reason for a sentence reduction, the *Owens* majority nonetheless states that a district court may still consider First Step Act arguments in combination with other factors that may constitute extraordinary and compelling reasons for compassionate release. *Id.* at *7. As we recognized in *Jarvis*, this conclusion cannot be squared with *Tomes*, where like Corona, the defendant bundled his age, his rehabilitation efforts, and strong family ties to his First Step Act argument. *Tomes*, 990 F.3d at 502; *see Jarvis*, 2021 WL 2253235, at *3–4. As noted in *Tomes*, such a back door attempt to reintroduce an expressly excluded factor thwarts congressional intent in making the First Step Act non-retroactive. *Tomes*, 990 F.3d at 505. We therefore decline, as we must, to follow *Owens* because *Tomes* was decided first and therefore controls. *See Jarvis*, 2021 WL 2253235, at *4; *see also Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (holding that one panel of this court cannot overrule the decision of another panel absent an intervening Supreme Court decision or en banc consideration).

We end our analysis here. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (clarifying that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others"); *see also United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) (noting that the district court has "substantial discretion" in weighing the § 3582(c)(1)(A) factors).

We affirm.