NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2022[*]
Decided April 20, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2423

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 CR 379-6 |
| KEVIN GARDNER, *Defendant-Appellant*. | Gary Feinerman, *Judge*. |

**O R D E R**

Kevin Gardner, a federal prisoner, appeals the denial of his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his medical conditions and the COVID-19 pandemic. Gardner argues that the court provided insufficient explanation for its decision. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Gardner first moved for compassionate release nearly halfway into his 147-month sentence for conspiring to distribute heroin, 21 U.S.C. §§ 841(a)(1), 846, and associated offenses. He argued that his medical conditions (hypertension, migraines, and a slightly overweight body mass index of 26.1) heightened his risk from COVID-19, constituting an "extraordinary and compelling" reason for release. 18 U.S.C. § 3582(c)(1)(A)(i). He also maintained that he would not be a danger to the community if released.

The district court denied the motion. The court concluded that Gardner had not shown an extraordinary and compelling reason for a sentence reduction: His medical records did not reflect a hypertension diagnosis; migraines were not a COVID-19 risk factor; and his body mass index did not fall within the obesity range. The court also concluded that the factors under 18 U.S.C. § 3553(a) provided an independent basis for denying the motion—specifically, the "extremely serious" nature of Gardner's offense conduct (participating in a large-scale heroin distribution scheme and plotting to kill a rival drug dealer) and criminal history (including robbery and aggravated battery). Because Gardner's 147-month sentence represented a significant downward variance from his guidelines range (324–405 months), the court concluded that releasing him after he served less than half that sentence would be "highly inappropriate."

Gardner did not appeal the denial of his first motion and instead, six months later, filed a second compassionate-release motion. This time, he added that he had recently been diagnosed with asthma and kidney disease—which is described in his medical records as "chronic kidney disease, stage 2 (mild)."

The court denied this motion as well. The court's analysis was concise enough that we repeat it here in full:

> Just over six months ago, the court denied a compassionate release motion filed by Defendant. Defendant's current request for compassionate release is no stronger than that earlier one. Defendant now has six months more of custody under his belt, but that is an insignificant consideration in light of the matters addressed in the court's prior order. Medical records document Defendant's recent diagnosis with stage 2 kidney disease and asthma, which are recognized COVID-19 risk factors. But Defendant is being properly medicated for those conditions and, of equal importance, the ready availability of vaccines in the BOP allows Defendant to make it highly

unlikely that he will contract COVID-19 or suffer serious illness if he is infected. The fact that Defendant refused an offer of the Moderna COVID-19 vaccine does not help his cause, as an inmate may not voluntarily exacerbate his COVID-19 risks by refusing a vaccine and then use that exacerbated risk to obtain release under 18 USC [§] 3582(c)(l)(A).

Gardner, who tells us that he has now been vaccinated, argues on appeal only that the district court's denial of his second motion was insufficient to allow for meaningful appellate review. But the court adequately explained its thinking, and we are satisfied that the court exercised its discretion based on proper considerations. Most significantly, the court referred to its denial of Gardner's initial motion and found his renewed motion "no stronger." In denying that first motion, the court applied the § 3553(a) factors and determined that the "extremely serious" nature of Gardner's offense and criminal history counseled against any further reduction of a below-guidelines sentence. Given that assessment, the court acted well within its discretion in rejecting Gardner's argument that his asthma and kidney disease diagnoses changed the analysis. As we have reiterated, one good reason is sufficient to support a denial of compassionate release. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

Gardner relies on *United States v. Hampton*, 985 F.3d 530 (6th Cir. 2021), in which the Sixth Circuit vacated a denial of a compassionate-release motion because the district court's two-sentence order left unclear whether it had relied on the inapplicable policy statement at U.S.S.G. § 1B1.13. But here the court articulated its reasoning based on appropriate factors, without mention of § 1B1.13, so we have no concern that the court may have relied on an impermissible factor.

AFFIRMED