RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0061p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

              *Plaintiff-Appellee*,

    *v.*

JOHN G. TOMES, JR.,

              *Defendant-Appellant*.

> No. 20-6056

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:16-cr-00113-2—David J. Hale, District Judge.

Decided and Filed: March 9, 2021

Before: McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:** Matthew M. Robinson, ROBINSON & BRANDT, PSC, Covington, Kentucky, for Appellant. L. Jay Gilbert, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

───────────────

## OPINION

───────────────

NALBANDIAN, Circuit Judge. After pleading guilty in 2018 to federal drug and firearms charges, John Tomes Jr. was sentenced to twenty years in prison. Now, just a few years later, he asks for a reduced sentence and immediate release. His vehicle is a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). After reviewing Tomes's motion and briefing, the district court denied his motion. Tomes appeals, and we **AFFIRM**.

I.

John Tomes Jr. has a colorful criminal past. His most recent run-in with the law landed him in federal prison after he got caught up in a drug distribution and money laundering scheme in Louisville. After a grand jury indicted Tomes on drug, firearm, and money laundering charges, Tomes pled guilty. Following this plea, the district court sentenced Tomes to twenty years in prison. But after serving just a small fraction of his sentence, Tomes moved for compassionate release. He says the presence of COVID-19 in prisons, coupled with his increased susceptibility to serious illness from the virus because of chronic asthma, constitutes an "extraordinary and compelling reason" for release. He also says the law has changed since his sentencing, and he would receive a shorter sentence today than he received a few years ago.

The district court ordered the government to respond to Tomes's motion. But "after complete review" of the motion and its accompanying briefing, the court denied the motion. (R. 250, Order at 1, PageID # 1758.) It said that U.S.S.G. § 1B1.13 "limits the 'extraordinary and compelling reasons' for compassionate release" to just a few situations. (*Id.*) And Tomes had not "identified any medical ailments that are so severe they would justify release." (*Id.* at 2, PageID # 1759.) Tomes had not contracted the virus; the Bureau of Prisons was taking precautionary measures to prevent an outbreak; and Tomes did not show that the Bureau could not treat him if he got sick. The court also rejected Tomes's contention that his rehabilitation, strong family support, and apparently inequitable sentence were extraordinary and compelling reasons for release. And for good measure, the court "also considered each of the 18 U.S.C. § 3553(a) factors" and found that they did not favor release either. (*Id.*) Tomes now appeals.

II.

We review a district court's denial of a compassionate release motion for abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). A district court's consideration of a compassionate release motion embraces three criteria: extraordinary and compelling reasons for release; the § 3553(a) factors; and any applicable policy statements. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020). And we can affirm a district court's denial of a compassionate release motion based on the

defendant's failure to meet any one of those criteria.  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *Ruffin*, 978 F.3d at 1006.

A.

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf."  *Elias*, 984 F.3d at 518.  A district court deciding a defendant's motion for compassionate release must do three things before granting the motion.  It must determine that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Likewise, it must also find that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  And then the court *may* grant the motion after considering all relevant sentencing factors listed in 18 U.S.C. § 3553(a).  *Id.*; *see also Jones*, 980 F.3d at 1108.  If the court finds that the defendant fails at *any* one of these three steps, it need not address the others before denying the motion.  *Elias*, 984 F.3d at 519.  And in considering and weighing the § 3582(c)(1)(A) criteria, "[t]he district court has substantial discretion."  *Ruffin*, 978 F.3d at 1005.

At first blush, this framework seems simple enough.  But one snag has beleaguered courts since the passage of the First Step Act.  Before the Act's passage in 2018, only the Director of the Bureau of Prisons could move a district court to modify a defendant's sentence.  *Id.* at 1003.  Now, though, the Act allows for defendants themselves to do so.  *Id.* at 1003–04.  Yet the Act still prompts district courts to consider "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The problem is, the Sentencing Commission has not updated its policy statement on compassionate release motions—U.S.S.G. § 1B1.13—since Congress passed the First Step Act.  *Jones*, 980 F3d at 1109.  So § 1B1.13 still, by its terms, applies only "[u]pon motion of the Director of the Bureau of Prisons."  U.S.S.G. § 1B1.13.  In other words, the guideline says nothing about defendant-initiated motions.  Meanwhile, commentary to § 1B1.13 limits what constitutes "extraordinary and compelling reasons" for release to just four situations.  *See* U.S.S.G. § 1B1.13 cmt. n.1.  So the question became whether a district court is limited to just those four situations when determining whether a defendant

moving for compassionate release has shown extraordinary and compelling reasons for a sentence reduction.

We have grappled with this issue in a series of recent cases. *See Ruffin*, 978 F.3d at 1006; *Jones*, 980 F.3d at 1101; *Elias*, 984 F.3d at 519. And in *Elias*, we concluded that "§ 1B1.13 is *not* an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." 984 F.3d at 519 (emphasis added). Thus, "district courts are not bound by § 1B1.13 in defining extraordinary and compelling reasons for release." *Id.* at 521.

This all matters here because in denying Tomes's motion, the district court believed that "USSG § 1B1.13 limits the 'extraordinary and compelling reasons' for compassionate release to" the four categories in the guideline's application notes. (R. 250, Order at 1, PageID # 1758.) That is no longer true. We have now held that § 1B1.13 is not an "applicable policy statement" for *defendant-filed* motions for compassionate release. *Elias*, 984 F.3d at 519. And so the district court erred when it constrained itself to the § 1B1.13 factors in determining whether Tomes established "extraordinary and compelling reasons" for a sentence modification.[1]

That is not to say, however, that the court's error requires reversal. We have reversed a district court's denial of a defendant's compassionate release motion when the court's reliance on § 1B1.13 was the *sole* reason for its denial. *See, e.g.*, *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021) ("[W]here a district court relies on [§ 1B1.13] as the sole basis for denying relief, we must remand the case for further consideration."); *United States v. Whited*, 835 F. App'x 116, 117 (6th Cir. 2021) (reversing and remanding after "district court denied relief on the sole ground that Whited failed to prove that he was not a danger to the community, [and]

---

[1]That is not to say a district court cannot permissively consider those four categories as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release. Rather, the court may not proceed as though § 1B1.13 *constrains* its analysis of what constitutes extraordinary and compelling reasons for release. *See Elias*, 984 F.3d at 519–20. But because district courts are free "to define 'extraordinary and compelling' on their own initiative," *id.*, they may look to § 1B1.13 as relevant, even if no longer binding. *See United States v. Byrd*, --- F. App'x ----, No. 20-20470, 2021 WL 435105, at *2 (5th Cir. Feb. 8, 2021) (per curiam) (affirming a denial of compassionate release after a court looked to § 1B1.13 as providing "helpful guidance" but did not treat it "as the dispositive boundary of what may be judicially determined to be extraordinary and compelling reasons for a sentence reduction." (quoting *United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. 2020) (per curiam))).

its decision appear[ed] to rest exclusively on § 1B1.13(2)"). In these cases, the district courts did not reference § 3553(a) at all as an independent basis for their denial of the compassionate release motion.

But even if a district court wrongly constrains itself to § 1B1.13 to define extraordinary and compelling reasons for release, we can still affirm if the court uses § 3553(a) as an independent reason to deny relief. Thus, in *Ruffin*, 978 F.3d at 1008, we noted that "[e]ven if Ruffin could prove that the district court mistakenly limited itself to the commentary's list of extraordinary and compelling reasons, that legal conclusion would not entitle him to a reversal." That was because the court "alternatively denied Ruffin relief based on a discretionary balancing of the § 3553(a) factors." *Id.*; *see also United States Sorrell*, --- F. App'x ----, No. 20-1832, 2021 WL 807867 ------, at *2 (6th Cir. Mar. 3, 2021) ("[B]ecause the district court also explained that it would deny relief based on its weighing of the § 3553(a) factors, its application of § 1B1.13 does not require reversal.").

This all flows from the statutory scheme. Before a district court can grant a defendant's motion for compassionate release, it must find that the defendant satisfies *all three* of § 3582(c)(1)(A)'s prerequisites. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108. So "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. And for that reason we have said repeatedly that we can affirm a court's denial of a defendant's compassionate release motion based on the court's consideration of the § 3553(a) factors alone. *See id.*; *Ruffin*, 978 F.3d at 1008.

We do so here. The district court denied Tomes's motion "after complete review" of the motion and other briefing the court ordered. (R. 250, Order at 1, PageID # 1758.) The court noted that it had "considered each of the 18 U.S.C. § 3553(a) factors," and a sentence modification "would not reflect the seriousness of the crime, deter criminal activity, or protect the public." (R. 250, Order at 2, PageID # 1759.) Neither did the remaining § 3553(a) factors favor release. So even though the district court incorrectly predicted how we would come to

understand the interplay between the First Step Act and the current § 1B1.13, it still denied Tomes's motion based on its alternative weighing of the § 3553(a) factors.**2**

We spot no abuse of discretion in the court's doing so.  Tomes and his associates dealt in large quantities of various drugs, including methamphetamine, heroin, cocaine, and marijuana.  And Tomes did so while armed, despite his status as a felon.  Likewise, Tomes laundered tens of thousands of dollars, fruits of his illegal trade.  So releasing Tomes after he served just a few years of a twenty-year sentence would not "reflect the seriousness of the offense."  18 U.S.C. § 3553(a)(2)(A).  And it was not an abuse of discretion for the court to find that an armed felon involved in a complex drug distribution scheme might still pose a danger to the public, despite Tomes's protestation that he has been rehabilitated.  Nor was it an abuse of discretion for the court to reason that a defendant with a rap sheet like Tomes's might still pose a risk to the public if he was released.  And finally, it was not an abuse of discretion for the district court to note that Tomes's release would not deter criminal activity—indeed, quite the opposite, it could put criminals on notice that they can commit serious crimes and serve only a few years in prison for it.

Tomes's arguments to the contrary are unpersuasive.  He says he has chronic asthma, which increases his risk of serious illness from COVID-19.  But Tomes "did not provide any records in [his] motion to support that [he] has" chronic asthma.  *Elias*, 984 F.3d at 520.  All he provided were a couple of letters from his parents.  So the "district court could have denied [Tomes's] motion for compassionate release on this basis."  *Id.*  Likewise, Tomes's contention that the BOP cannot handle COVID-19 outbreaks does not persuade us either.  *See Elias*, 984 F.3d at 521 ("It was not an abuse of discretion for the district court to conclude that speculation that COVID-19 *could* spread to FPC Alderson was insufficient to justify Elias's release.").

---

**2**Although the district court confined its § 3553(a) analysis to just a single paragraph, that was enough. Indeed, we have affirmed orders with less.  *See United States v. Navarro*, 986 F.3d 668, 669 (6th Cir. 2021) (affirming form order denial of a compassionate release motion).  And given the simplicity of the case, the district court's acknowledgement of Tomes's arguments, its consideration of the § 3553(a) factors, and the intuitive reason for the court's denial of Tomes's motion, "the judge's explanation . . . fell within the scope of the lawful professional judgment that the law confers upon the sentencing judge."  *United States v. Chavez-Meza*, 138 S. Ct. 1959, 1967–68 (2018).

One last point.  Tomes says he should receive compassionate release because if he were sentenced today for the same crime, he would not have gotten the sentence he did.  The district court noted that § 3582(c)(1)(A) was not an appropriate vehicle for Tomes to attack his sentence.  Tomes says this was error.  And he points out that before the First Step Act, a violation of 21 U.S.C. § 841(b)(1)(A) (one of the statutes to which Tomes pled guilty to violating) carried a mandatory minimum sentence of twenty years if the defendant had a prior conviction for a "felony drug offense."  *See* 21 U.S.C. § 841(b)(1)(A) (pre-2018 version).  Section 401 of the First Step Act, however, amended § 841, and it now imposes a shorter mandatory minimum of fifteen years, and only when the prior offense was a "serious drug felony."  *Id.* (current version).  Tomes argues that his prior state convictions for dealing in cocaine and trafficking in a controlled substance do not qualify as "serious drug felonies."  Thus, the mandatory floor no longer applies to him, and even if it did, it is shorter now than it was when the district court sentenced him.

Tomes's argument fails.  The First Step Act explicitly says that the amendment to which Tomes refers—§ 401—applies "only where 'a sentence for the offense has not been imposed as of [the] date of [the Act's] enactment."  *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (quoting First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. 5221).  The district court sentenced Tomes on June 7, 2018.  The First Step Act's effective date is December 21, 2018.  *Wiseman*, 932 F.3d at 417.  Tomes's sentence had therefore been imposed as of the Act's enactment, making § 401 inapplicable.  *Id.*; *see also United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2018) ("Congress has, in essence, drawn a line in the sand.  Defendants sentenced after December 21, 2018, may benefit from Congress's amendment to § [841(b)(1)(A)], but defendants sentenced before that date cannot.").  And we will not render § 401(c) useless by using § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms.

III.

We **AFFIRM** the district court's denial of Tomes's motion for compassionate release.