NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0260n.06

No. 20-4241

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

May 28, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| MARIO TAYLOR, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
NORTHERN DISTRICT OF
OHIO

**BEFORE: WHITE, NALBANDIAN, and READLER, Circuit Judges.**

**CHAD A. READLER, Circuit Judge.** Mario Taylor, a federal prisoner, moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), claiming that his medical conditions placed him at increased risk should he contract the COVID-19 virus. The district court denied Taylor's request. On appeal, Taylor argues that the district court abused its discretion by failing to provide a reasoned basis for denying Taylor release. We now affirm.

I.

Taylor pleaded guilty in 2007 to conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The district court accepted Taylor's plea agreement and, after accounting for Taylor's prior felony drug offenses and his classification as a career offender, imposed a sentence of 262 months of imprisonment.

Following passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, Taylor sought a sentence reduction on the grounds that § 404 of the Act made retroactive certain provisions of the Fair Sentencing Act of 2010, which raised the threshold crack cocaine weights that trigger mandatory minimum sentences prescribed by 21 U.S.C. § 841(b)(1)(A) and (B). *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019). After concluding that Taylor was eligible for a sentence reduction, the district court nonetheless found that no reduction was warranted due to Taylor's lengthy criminal record and designation as a career offender. We agreed, and affirmed. *United States v. Taylor*, No. 19-3641 (6th Cir. May 6, 2020) (order).

Taylor then sought a sentence reduction on compassionate release grounds in accordance with 18 U.S.C. § 3582(c)(1)(A). Taylor asserted that his hypertension, obesity, and predisposition to other medical conditions coupled with the presence of COVID-19 in his prison constituted an extraordinary and compelling reason for release. Taylor also identified several other considerations he believed favored his release, including his having served over 70% of his sentence and completed rehabilitation programs as well as his belief that he would receive a shorter sentence today as a result of the First Step Act.

Responding to Taylor's motion, the government conceded that Taylor's medical conditions (including his obesity, hypertension, pre-diabetes, and high cholesterol) constituted an extraordinary and compelling reason for release because Taylor's "ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished." U.S.S.G. § 1B1.13, cmt. n.1(A). Nonetheless, the government argued that relief should be denied in view of the factors articulated in 18 U.S.C. § 3553(a), in particular, the need to "protect the public from further crimes of the defendant" due to Taylor's status as a career offender.

Following a "complete review" of the merits, including consideration of the applicable § 3553(a) factors and policy statements, the district court denied Taylor's motion in light of his failure to "present[] any extraordinary or compelling reason for early release." Notwithstanding the government's concession regarding Taylor's medical conditions, the district court believed relief was inappropriate because Taylor "fail[ed] to utilize the services and tools" available "to assist his health," finding that he was not motivated to lose weight and was non-compliant with his medications. Taylor now appeals.

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), instructs district courts to consider three criteria: extraordinary and compelling reasons justifying release; the applicable § 3553(a) factors; and any applicable policy statement, such as U.S.S.G. § 1B1.13. *See United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). A district court may deny compassionate release if it finds that the defendant fails to meet any one of the three steps, and may do so without addressing any of the other criteria. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). We review the district court's denial of compassionate release for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).

The statute, we note, does not define extraordinary and compelling reasons. It instead delegates that task to the Sentencing Commission. 28 U.S.C. § 994(t); *Ruffin*, 978 F.3d at 1004. Taking up that mantle, the Sentencing Commission proscribed four categories of extraordinary and compelling reasons in the commentary to U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(D). We have recently clarified, however, that § 1B1.13 applies only to motions for compassionate release brought by the Bureau of Prisons; it is not an applicable policy statement when a defendant moves for release. *Elias*, 984 F.3d at 519. District courts, in other words, are

not constrained by § 1B1.13 in defining extraordinary and compelling reasons for release. *Id.* While those courts may "permissively consider [§ 1B1.13's] four categories as part of its discretionary inquiry," *see Tomes*, 990 F.3d at 503 n.1, they enjoy broad—though not unlimited—discretion to define extraordinary and compelling circumstances. *See, e.g.*, *Elias*, 984 F.3d at 519–20; *Tomes*, 990 F.3d at 505.

Employing its full discretion, the district court determined that Taylor failed to demonstrate extraordinary and compelling reasons supporting his request for early release. The district court asked for and in turn received 66 pages of Taylor's medical records. In parsing those records, the court found that while Taylor raised numerous health concerns in his motion for compassionate release, including one identified as a COVID-19 risk factor by the Centers for Disease Control and Prevention, Taylor historically "ha[d] no such concern" for his health. Contrary to Taylor's assertion that he was proactive in his efforts to lose weight through diet and exercise, Taylor's most recent medical visit summary revealed that his weight was increasing, and that he "d[id] not seem very motivated to lose weight." The records also revealed that Taylor was "non-compliant" with his blood pressure medication, discounting the weight of Taylor's assertion that his hypertension was "increasing in severity while he is incarcerated." To the district court, these findings demonstrated that Taylor "fail[ed] to utilize the services and tools to assist his health," undermining his claim of extraordinary and compelling reasons for early release, even in light of the COVID-19 pandemic.

Taylor responds that the district court abused its discretion by failing to provide a reasoned basis as to why his five additional considerations did not qualify as extraordinary and compelling reasons. Those considerations include: (1) the number of COVID-19 cases at his prison, (2) that he completed rehabilitative programs, (3) that he has served over 70% of his sentence, (4) that he

has a release plan and letters of support, and (5) that under current law, his statutory and guidelines sentencing range would be lower. In addition to his medical conditions, Taylor argues that these considerations together establish extraordinary and compelling reasons to grant a sentence reduction. The district court, he says, therefore abused its discretion by relying solely on Taylor's medical conditions in denying him relief, without reference to why his other considerations failed to constitute extraordinary and compelling reasons.

It is not entirely clear, however, that Taylor raised these considerations in the district court as extraordinary and compelling reasons for his release. In Taylor's compassionate release motion, he placed arguments (2) through (5) primarily under the heading, "Mr. Taylor's § 3553(a) factors demonstrate he is not a risk to the public." And with the district court having concluded that no extraordinary or compelling grounds supported Taylor's release, the court was not required to address any § 3553(a) arguments. *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (explaining that a district court may deny a compassionate release motion when any of the § 3582(c)(1)(A) prerequisites is lacking and, having done so, does not need to address the others).

Even viewing Taylor's briefing more charitably, the district court still did not err by ignoring Taylor's additional considerations. A district court does not abuse its discretion "simply by failing to explicitly address each individual argument put forward by the defendant in support of a sentence reduction." *United States v. Greene*, --- F. App'x ---, 2021 WL 1016430, at *4 (6th Cir. Mar. 17, 2021) (citing *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) (noting the district court did not (nor did it need to) specifically address Chavez-Meza's rehabilitation argument)); *United States v. Rafidi*, 842 F. App'x 1017, 1023 (6th Cir. 2021) (same); *see also United States v. Gaston*, 835 F. App'x 852, 855 (6th Cir. 2020) (affirming the district court's finding of extraordinary and compelling reasons without explicitly referencing the defendant's

rehabilitation argument). So long as a district court provides an explanation that allows for meaningful appellate review, it need not elaborate on its reasoning. *See Navarro*, 986 F.3d at 671. And in determining whether a district court's explanation allows for meaningful appellate review, we look to whether the court "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza*, 138 S. Ct. at 1964.

Citing to Taylor's medical records, the district court articulated why it believed Taylor's medical conditions failed to establish extraordinary and compelling reasons: his lack of motivation to lose weight and his non-compliance with his medications. That "explicit and particular" explanation of the district court's "factual reasoning" in turn provides us with an adequate basis for "meaningful appellate review." *United States v. Jones*, 980 F.3d 1198, 1113, 1116 (6th Cir. 2020). And in view of that explanation, we see no abuse of discretion in the district court's decision not to address Taylor's additional considerations.

Accordingly, we affirm the district court's denial of Taylor's motion for compassionate release.

WHITE, Circuit Judge, concurring in the judgment. I concur in the affirmance but would take a slightly narrower approach to resolving this case.

**I.**

Taylor raises only one argument on appeal: he contends that the district court erred by failing to consider five of the six purported "extraordinary and compelling" reasons for release that he presented in his motion below. But this argument is not fully accurate.

Taylor did not assert six independent "extraordinary and compelling" reasons for release in his brief below. The six grounds he describes on appeal are (1) the presence of COVID in his prison; (2) his personal health; (3) his completion of rehabilitative programs in prison; (4) that he has release plans and letters of support; (5) the fact he has served over 70% of his sentence; and (6) that under the First Step Act and current crack-cocaine laws, his sentencing range would be lower if he were sentenced today. But his counseled brief below raised reasons (3) through (6) as arguments under the § 3553(a) prong of the analysis, not the "extraordinary and compelling" prong. *See* R. 239 PID 998-1002 (raising these arguments in § 3553(a) section of brief).

Thus, Taylor's only argument on appeal rests on an inaccurate premise. Of the purported six unaddressed "extraordinary and compelling" reasons he lists on appeal, only two—his personal health and the presence of COVID—were presented as "extraordinary and compelling" reasons for release in the briefing below. Taylor does not argue on appeal that the court failed to address his personal health and does not challenge the way the court assessed that issue. And although the district court did not mention the number of COVID-19 cases in Taylor's facility, its order reflected that it considered the presence of COVID. *See* R. 243 PID 1105 ("[E]ven in light of COVID-19, Defendant has not presented extraordinary and compelling reasons for early release.").

As to the other four reasons, because they were raised as § 3553(a) arguments below, and because the district court resolved the case on the separate "extraordinary and compelling" prong of the § 3582(c)(1)(A)(i) analysis, the district court was not required to reach these arguments. *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) ("'[D]istrict courts may deny compassionate-release motions when any of [§ 3582(c)(1)(A)(i)'s] prerequisites . . . is lacking and do not need to address the others.'" (alterations added) (citation omitted)).

Accordingly, it is unnecessary to discuss—as the majority does—whether the court would have erred had it ignored five of Taylor's six "extraordinary and compelling" arguments. That is a scenario not present in this case, and the majority's discussion of that scenario is dictum.[1]

## II.

Additionally, although Taylor does not challenge the district court's analysis of his health-related arguments, and district courts have broad discretion to define what constitutes an "extraordinary and compelling" circumstance in a given case—an inherently context-specific inquiry that deserves deference—I am troubled by the district court's discussion of Taylor's health concerns. Taylor has chronic, extreme obesity and has been in prison for fourteen years. Like many people, his motivation to exercise and diet appears to have waxed and waned over the past fourteen years. For example, his medical records reflect that in 2014 he was "taking his meds and diet[ing] and exercising," according to a doctor who saw him for a September checkup that year.

---

[1] It is doubtful that a court would satisfy its obligation to "'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments'" for extraordinary and compelling circumstances if it fails to set forth anything to show that it has considered almost all of those arguments. *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020) (citation omitted). Such a conclusion would be in tension with our recent precedential opinion in *United States v. Owens*, --- F.3d ----, 2021 WL 1811538 (6th Cir. May 6, 2021). There, we reversed and remanded a compassionate-release denial in part because the "district court's order denying Owens's motion for compassionate release did not acknowledge all of the factors that Owens raised as extraordinary and compelling reasons together warranting compassionate release . . . ." *See id.* at *7 (instructing district court on remand to "consider whether" all of Owens's proposed "extraordinary and compelling" reasons, "in combination," justified release under § 3582(c)(1)(A)(i)). But regardless, we do not face such a situation here, because the unaddressed arguments in this case were raised under § 3553(a), and the district court did not need to address them to resolve the motion.

R. 239-2 PID 1014.  But in an October 2019 checkup, a doctor commented that Taylor's "BMI is increasing; currently 40.9.  Does not seem very motivated to loose [sic] weight. . . .  Non compliant with BP medication.  I spent 15 minutes of today's clinical encounter going over the importance of taking his BP medication."  R. 242-1 PID 1057.

The district court relied solely on the latter statements to conclude that despite Taylor's professed concern over the health risks that COVID-19 presented him, his October 2019 records show that "he personally has no such concern."  R. 243 PID 1105.  But that is weak reasoning.  Taylor's October 2019 checkup happened months before anyone knew what COVID-19 was.  That a chronically obese person gained weight five months before a deadly pandemic says little about whether *after* that pandemic arrived he "personally has no . . . concern" over dying in that pandemic.  It was not until months later that it emerged that COVID-19 kills people with Taylor's medical conditions at a higher rate than most other people.  Taylor filed his compassionate-release motion in June 2020.  A doctor's speculation about his state of mind in October 2019 says nothing about his COVID-related fears when he filed the motion eight months later.  In those eight months, the world—and Taylor's circumstances—changed dramatically.

It is possible to fear death from a novel and deadly disease, on the one hand, and have lapses in motivation to diet after serving more than a decade in prison (before knowing COVID is coming), on the other.  Stating that Taylor did not "personally ha[ve]" a genuine fear of dying from COVID-19 because he struggled to stave off weight gains in a pre-COVID world makes little sense.