NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0467n.06

No. 21-1285

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Oct 14, 2021<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOHN McDONALD LAWRENCE, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS, GRIFFIN, and MURPHY, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant John Lawrence appeals the district court's denial of compassionate release. We affirm.

I.

Lawrence's criminal career began with petty theft and drug offenses. These crimes usually resulted in jail time, fines, and/or probation. Undeterred, he began to commit increasingly severe offenses. He was soon convicted of larceny from a person and served more than one year in prison. Once released, Lawrence moved on to selling drugs, which led to a conviction for possession with intent to deliver cocaine. He received only two years' probation for that offense. Despite this apparent leniency, Lawrence began dealing drugs in even larger quantities and was later convicted in federal court of conspiracy to possess with intent to distribute five kilograms or more of cocaine. After serving a ten-year sentence for that offense (and additional time for repeatedly violating the

terms of his supervised release, Lawrence was placed in a Bureau of Prisons halfway house. While there, he attempted to restart his drug business by arranging to buy more than fifty kilograms of cocaine from undercover agents. That scheme resulted in another federal drug conviction and a twenty-year prison sentence—the mandatory-minimum at that time given his criminal history. That mandatory-minimum was later lowered by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, but this change was not retroactive, so it did not benefit Lawrence. *See United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021).

The COVID-19 pandemic began about halfway through Lawrence's sentence. Because he feared that exposure to COVID-19 would have dire consequences due to his preexisting medical conditions (which include chronic kidney disease, hypertension, asthma, and arteriosclerotic vascular disease), he filed a motion that the district court construed as seeking compassionate release.

Lawrence argued that COVID-19, his medical conditions, and the First Step Act's reduction of the mandatory-minimum established extraordinary and compelling reasons for compassionate release, and that the 18 U.S.C. § 3553(a) factors supported a reduction. The government conceded that the threat of COVID-19 to Lawrence constituted an extraordinary and compelling reason but argued that the sentencing factors weighed against cutting his sentence short. The court agreed with the government and denied Lawrence's motion on § 3553(a) grounds. Lawrence then filed this timely appeal, challenging the adequacy of the district court's explanation for denying his motion.

## II.

A district court can grant a defendant's motion for compassionate release only when "extraordinary and compelling reasons" warrant release *and* the § 3553(a) sentencing factors, to

the extent that they apply, support release. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (holding that, at this time, defendants need not satisfy the third statutory requirement to show that their release would be consistent with "applicable policy statements issued by the Sentencing Commission").

We review a district court's denial of compassionate release for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). "'[D]iscretion' does not mean 'whim,'" however, and district courts have "an obligation to provide reasons" for their compassionate-release decisions. *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020) (citations omitted). Although a court does not need to "pen a 'full opinion'" in every compassionate-release decision, it must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id*. at 1113 (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018)).

Here, the district court penned a full opinion, but Lawrence argues that its explanation fell short because it failed to address two of his arguments. First, he contends that the district court failed to consider that a defendant sentenced to the minimum term for his offense today would serve five years fewer than he has been sentenced to serve. *See* First Step Act of 2018 § 401(a)(2)(A)(i), Pub. L. No. 115-391, 132 Stat. 5194, 5220 (amending the applicable sentence in 21 U.S.C. § 841(b)(1)(A) from not "less than 20 years" to "not less than 15 years"). According to Lawrence, the district court should have explicitly addressed his offense's lowered mandatory-minimum sentence in the context of 18 U.S.C. § 3553(a)(6), which emphasizes "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Second, in light of the reduction in the

mandatory-minimum, he argues that the district court inadequately considered the time remaining on his sentence.

However, a district court does not abuse its discretion "simply by failing to explicitly address each individual argument put forward by the defendant in support of a sentence reduction." *United States v. Greene*, 847 F. App'x 334, 338 (6th Cir. 2021) (citing *Chavez-Meza*, 138 S. Ct. at 1967). And the district court's opinion shows that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Jones*, 980 F.3d at 1113 (quoting *Chavez-Meza*, 138 S. Ct. at 1964). Over the course of twelve pages, the court explained that, even if Lawrence satisfied the extraordinary-and-compelling requirement, the § 3553(a) factors "do not favor early release," and actually "weigh heavily against discharging him into the community." *United States v. Lawrence*, No. 11-20455, 2021 WL 872216, at *1, *4 (E.D. Mich. Mar. 8, 2021). In addition to considering his "serious" crime and "troubling" criminal history, *see* 18 U.S.C. § 3553(a)(1), the district court highlighted the need to protect the public from further crimes of the defendant:

> Lawrence was a committed dealer of dangerous drugs who steadfastly refused to change his behavior in spite of substantial prior prison sentences and the assistance of supervisory officers who were dedicated to his rehabilitation. That intransigence left no alternative than isolation to protect the public.

*Lawrence*, 2021 WL 872216, at *5; *see* 18 U.S.C. § 3553(a)(1). The court also noted Lawrence's prison disciplinary record and "inability to follow the terms of supervision" and found that cutting his sentence in half would not align with several § 3553(a) factors:

> Based on Lawrence's current release date of July 8, 2028, he has served slightly over half of his sentence. Releasing Lawrence . . . now would not promote respect for the law or provide a just punishment for the defendant's crime. Nor would it serve as a significant deterrent to others; to the contrary, it severely would undermine the goals of both specific and general deterrence, which is of particular

> concern with a defendant who has demonstrated his enterprising resourcefulness in flouting the law.

*Id*. at *6; *see* 18 U.S.C. § 3553(a)(2).

In sum, the district court weighed the sentencing factors and concluded that "[i]t cannot be said convincingly that [Lawrence's] sentence was greater than necessary to achieve congressional goals." *Lawrence*, 2021 WL 872216, at *6. Thus, even though the district court did not explicitly address the two arguments Lawrence identifies now, its explanation for its decision was more than adequate.

Moreover, we are not convinced that the district court actually overlooked any argument. Although the court did not specifically consider Lawrence's sentencing-disparity argument in its § 3553(a) decision, it acknowledged a variation of that argument in a different part of the opinion. *Lawrence*, 2021 WL 872216, at *4 (explaining that it was unnecessary to consider whether the First Step Act's changes presented an extraordinary and compelling reason for release because Lawrence's medical conditions in light of COVID were sufficient). Thus, the court likely concluded that the alleged sentencing disparity did not tip the § 3553(a) balancing in Lawrence's favor because, as it explained, the other relevant factors weighed "heavily" against release. *Id*. We cannot say that this balancing was an abuse of discretion. *See United States v. Kincaid*, 802 F. App'x 187, 189 (6th Cir. 2020) (noting that the district court is "best situated to balance the § 3553(a) factors") (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

As to Lawrence's argument regarding the district court's consideration of the time remaining on his sentence, he concedes that the court's analysis "was certainly accurate as to remaining sentence length from [his] twenty year sentence[.]" But he argues that the court should have considered that he would have less time remaining if he had received the fifteen-year mandatory-minimum sentence that is in effect today. We disagree. A district court has the power

to reduce a sentence that "has been imposed," 18 U.S.C. § 3582(c), and may consider how much time remains on that sentence when deciding a compassionate-release motion. *See Ruffin*, 978 F.3d at 1008. Lawrence offers no persuasive reason why a court must consider how much time would remain on a lesser sentence that could be imposed under an amendment that does not apply to the defendant. Although Lawrence's sentence is longer than what he could receive today, the district court was not required to give controlling weight to the disparity between his sentence and the possible sentence of someone else. The district court's emphasis on his history of crimes and likely danger to the community is more than sufficient to explain why the court did not abuse its discretion by refusing to give significant weight to that disparity. *See Jones*, 980 F.3d at 1113.

III.

We affirm the district court's denial of compassionate release.