NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0525n.06

Case No. 21-3477

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Nov 17, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| CHRISTIAN JOE VILLASENOR, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BOGGS, THAPAR, and BUSH, Circuit Judges.

THAPAR, Circuit Judge. A federal district court sentenced Christian Joe Villasenor to 112 months in prison after he pled guilty to conspiracy to possess and distribute crystal meth. Nearly four years later, he moved unsuccessfully for compassionate release. He argued that he should be released so he could avoid contracting COVID-19 that would be serious, as he has asthma, and so he could provide full-time care to his dependent mother.

On appeal, he argues that both extraordinary and compelling reasons and the sentencing factors outlined in 18 U.S.C. § 3553(a) justify his release. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Elias*, 984 F.3d 516, 518–19 (6th Cir. 2021). But in a well-reasoned opinion, the district court correctly held that Villasenor failed to show that either factor justified release.

First, the district court found that no extraordinary and compelling reasons supported release. Villasenor failed to present any medical evidence that he suffered from asthma. Indeed,

he had previously said he was in good health and did not need to take any medication. He also refused to be vaccinated. And the district court determined that his mother's caregiving needs were not extraordinary. So there were no extraordinary and compelling reasons warranting release.

Second, the district court found that the § 3553(a) factors weighed against releasing Villasenor. He committed a serious offense, had an extensive criminal history (involving violence, firearms, and drugs), and would benefit from completing the Bureau of Prison's drug-treatment program for his addiction.

But Villasenor argues the district court abused its discretion by denying his motion. *See United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). First, he contends that the district court erred by hinging its extraordinary-and-compelling analysis on the Sentencing Commission's policy statement outlined in U.S.S.G. § 1B1.13. But it was free to do just that, though it was not bound to. *See United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). District courts have wide latitude to define "extraordinary and compelling" on their own accord. *Id.* That includes looking to § 1B1.13—and no further—when they see fit. *Id.*

In any event, the district court did not rely exclusively on § 1B1.13. Rather, it agreed with a prior case that held § 1B1.13—which suggests the incapacitation of a spouse can justify release—is categorically different from cases involving a parent. R. 226, Pg. ID 1255 (citing *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305 (S.D. Ohio June 16, 2019)).[1] The court went on to say that because many prisoners have aging and sick parents, Villasenor's mother's needs were not extraordinary. That conclusion stands apart from § 1B1.13 and was not an abuse of discretion.

---

[1] Villasenor suggests that the district court relied on outdated caselaw because *Ingram* was decided before we clarified that a district court is not bound by § 1B1.13 when an inmate brings a compassionate-release motion. *See Elias*, 984 F.3d at 519–20. But the district court did not rely on *Ingram* for that proposition and correctly noted that it was not bound by § 1B1.13.

Villasenor also argues that the district court failed to consider his current situation when it weighed the § 3553(a) factors.  As mentioned, the district court's first order suggested Villasenor would benefit from completing the BOP's drug-treatment program.  So Villasenor filed a motion for reconsideration stating that he was close to completing the program.  The district court denied this motion, and Villasenor contends that this was inconsistent with the district court's reasoning in its first order.  The problem:  The district court's analysis was not based solely on him finishing the drug-treatment program.  It also considered the seriousness of his offense and his extensive criminal history.  And both remain unchanged by Villasenor's near-completion of the program. Thus, we disagree that the district court failed to account for his situation when it weighed the § 3553(a) factors.

*     *     *

Because the district court did not abuse its discretion in denying Villasenor's motion for compassionate release or his motion for reconsideration, we affirm.