NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0234n.06

No. 22-2166

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 23, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| ROY EDWARD BROWNLEE, | ) MICHIGAN |
| Defendant-Appellant. | ) O R D E R |
| | ) |

Before: GIBBONS, ROGERS, and NALBANDIAN, Circuit Judges.

Roy Edward Brownlee, a pro se federal prisoner, appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1) and § 401 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Brownlee moves the court for leave to file a supplemental brief. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the reasons that follow, we deny Brownlee's motion to file a supplemental brief and affirm the district court's order.

In September 2016, a federal jury convicted Brownlee of conspiracy to distribute controlled substances causing death, in violation of 18 U.S.C. § 846, distributing controlled substances, in violation of 21 U.S.C. § 841(a)(1), three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), two counts of dealing in firearms without a license, in violation of 18 U.S.C § 922(a)(1)(A), and two counts of attempted distribution of controlled substances, in violation of 21 U.S.C. § 846. The district court determined that Brownlee was an armed career criminal under 18 U.S.C. § 924(e) and a career offender under USSG § 4B1.1 based on prior convictions in Michigan for assault with intent to cause bodily harm less than murder,

delivery of marijuana, and delivery of cocaine. In February 2017, the district court sentenced Brownlee to a total term of 360 months of imprisonment. We affirmed. *United States v. Brownlee*, 716 F. App'x 472, 474 (6th Cir. 2017).

In May 2022, Brownlee moved the district court to reduce his sentence under § 3582(c)(1), arguing that § 401 of the First Step Act invalidated his prior convictions as § 924(e) and career-offender predicates. The district court concluded that Brownlee was ineligible for a reduction in his sentence because he was sentenced before the effective date of the First Step Act, December 21, 2018. Further, the court found that § 401 did not affect Brownlee's designation as an armed career criminal. The court therefore denied Brownlee's motion.[1] This timely appeal followed.

On de novo review, *see United States v. Boulding*, 960 F.3d 774, 778 (6th Cir. 2020), we conclude that the district court correctly determined that Brownlee was ineligible for a reduction in his sentence. Section 401 of the First Step Act amended 21 U.S.C. § 841(b)(1)(A) & (B) so that now a drug offender must have a prior conviction for a "serious drug felony or serious violent felony" rather than a "felony drug offense" to receive an enhanced sentence. *United States v. Brown*, No. 20-6409, 2022 WL 2135265, at *2 (6th Cir. Mar. 16, 2022); *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019). But § 401 does not apply retroactively to defendants, like Brownlee, who were sentenced before the effective date of the Act. *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 780 (2022); *Wiseman*, 932 F.3d at 417.

---

[1] In the same order, the district court denied an earlier compassionate-release motion that Brownlee had filed under § 3582(c)(1)(A) in which he sought a sentence reduction based on the COVID-19 virus and his underlying medical risk factors. Brownlee has not briefed this issue, however, so we conclude that he has abandoned it. *See Bard v. Brown County*, 970 F.3d 738, 751 (6th Cir. 2020). In his motion to file a supplemental brief, Brownlee states that he addressed his compassionate-release issues in a separate brief, which he believes was lost in the prison mailroom. Brownlee does not explain why he was prevented from presenting all of his issues in a single brief, however. Under Federal Rule of Appellate Procedure 31(a), Brownlee was limited to a single appellate brief. *See United States v. Fontana*, 869 F.3d 464, 473 (6th Cir. 2017). We do not excuse pro se litigants from complying with such straightforward procedural rules. *In re Edwards*, 748 F. App'x 695, 700 (6th Cir. 2019). Accordingly, we deny Brownlee leave to file a supplemental brief.

No. 22-2166, *United States v. Brownlee*

For these reasons, we **AFFIRM** the district court's order and **DENY** Brownlee's motion to file a supplemental brief.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk