NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0129n.06

No. 23-1779

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Mar 18, 2024 |
|  | ) | KELLY L. STEPHENS, Clerk |

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

MARSHALL ALDERSON, aka George Anderson,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

---

Before: GRIFFIN, THAPAR, and NALBANDIAN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Marshall Alderson pleaded guilty to possession with intent to distribute controlled substances, and the district court sentenced him to eight years in prison. Less than two years later, he moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his family circumstances, health, and an allegedly low recidivism risk, but the district court denied his motion. We affirm.

"We review a district court's denial of a compassionate release motion for abuse of discretion." *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021). A district court considers three criteria when ruling on a motion for compassionate release: "extraordinary and compelling reasons for release; the [18 U.S.C.] § 3553(a) factors; and any applicable policy statements." *Id*. "[W]e can affirm a district court's denial of a compassionate release motion based on the defendant's failure to meet any one of those criteria." *Id*. And the district court need not exhaustively explain its reasoning for denying compassionate release if the record shows that it

"considered the parties' arguments and had a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Navarro*, 986 F.3d 668, 671 (6th Cir. 2021) (citation omitted).

When denying Alderson's motion, the district court found Alderson was ineligible for relief because there existed no extraordinary and compelling reasons to reduce his sentence, and it separately concluded the § 3553(a) factors did not favor doing so even if he were eligible. We need not decide whether Alderson's family circumstances were an extraordinary and compelling reason to reduce his sentence because the district court adequately considered the § 3553(a) factors and determined that they weighed against release even assuming Alderson's eligibility for compassionate release.

Before turning to the § 3553(a) factors, we note that Alderson has likely forfeited any argument on the district court's balancing of § 3553(a) factors because his brief is "skeletal" at best and requires us "to put flesh on its bones," which we are loath to do. *United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016) (citation omitted). To the extent that he makes any § 3553(a) argument, Alderson contends that the district court failed to give proper weight to his reduced risk of recidivism based on his age, release plan, and completion of the Residential Drug Abuse Program. We disagree.

The district court addressed "the need to protect the public from further crimes by" Alderson and "commend[ed]" him for his "purported compliance with the terms of bond, efforts at rehabilitation, and commitment to his family." In doing so, it effectively contemplated Alderson's rehabilitation efforts and his recidivism risk upon release—i.e., the exact considerations Alderson argues the district court ignored. At any rate, the district court weighed Alderson's good behavior against the seriousness of his drug offense—the record shows he

maintained a premises for the purpose of manufacturing or distributing a controlled substance, was a dealer in a drug conspiracy, and was found responsible for more than 5,000 kilograms of converted drug weight—and his criminal history that started when he was only nineteen years old with a similar controlled-substance offense. Given this analysis, the district court explained its reasoning in far more detail than in similar compassionate-release denials we have upheld. *See, e.g.*, *United States v. Harvey*, 996 F.3d 310, 312, 314–15 (6th Cir. 2021) (per curiam); *Navarro*, 986 F.3d at 669–72. And especially after considering that Alderson had served less than a quarter of his sentence when he moved for compassionate release, we cannot conclude that the district court abused its discretion by denying his motion.

We affirm the district court's order denying Alderson's motion for compassionate release.