RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0263p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee*,

    *v.*

BRIAN JERMAINE WASHINGTON,

        *Defendant-Appellant*.

> No. 24-5124

Appeal from the United States District Court for the Eastern District of Kentucky at Lexington.
No. 5:13-cr-00020-1—Danny C. Reeves, Chief District Judge.

Decided and Filed:  December 2, 2024

Before:  KETHLEDGE, LARSEN, and MATHIS, Circuit Judges.

─────────────

## COUNSEL

─────────────

**ON BRIEF:**  Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.  Brian J. Washington, Ashland, Kentucky, pro se.

─────────────

## OPINION

─────────────

LARSEN, Circuit Judge.  Brian Washington, a pro se federal prisoner, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We affirm.

### I.

In 2013, Washington pleaded guilty to possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm in a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Because Washington had a prior conviction for robbery and another for first-degree trafficking in a controlled substance, he qualified as a career offender. The district court sentenced Washington to a within-Guidelines sentence of 280 months' imprisonment. Washington did not appeal his convictions, and his claims for post-conviction relief were unsuccessful. *See Washington v. United States*, 16-5540 (6th Cir. Oct. 4, 2016) (order); *Washington v. United States*, 17-5700 (6th Cir. Dec. 27, 2017) (order).

Washington has since filed four compassionate-release motions under 18 U.S.C. § 3582(c)(1)(A). The district court has denied each motion, as well as Washington's subsequent motions for reconsideration. At issue in this appeal is Washington's fourth, most recent, motion for compassionate release.

## II.

We review the denial of a compassionate-release motion for abuse of discretion. *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021). A court abuses its discretion when it "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (citation omitted).

Typically, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, permits a district court to grant compassionate release if the prisoner can meet three requirements. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc). First, the prisoner must "show that 'extraordinary and compelling' reasons warrant the reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must determine that reducing the sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). And third, the prisoner "must persuade the district [court] to grant the motion after the court considers the [18 U.S.C.] § 3553(a) [sentencing] factors." *Id.*

Historically, the Bureau of Prisons (BOP) had sole authority to file compassionate-release motions. *Id.* at 1053–54. And the Sentencing Commission defined the kind of "extraordinary and compelling" reasons that could merit a sentence reduction: age, certain medical and familial

circumstances, and other reasons that the BOP Director deemed to be "extraordinary and compelling." U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (U.S. Sent'g Comm'n 2016).

The First Step Act of 2018 altered this scheme by authorizing defendants to file compassionate-release motions on their own behalf. *See McCall*, 56 F.4th at 1054. But the Sentencing Commission did not promptly update § 1B1.13 to reflect this change; instead, it continued to state that relief was available "only upon motion by the Director of the [BOP]." *Id.*; U.S.S.G. § 1B1.13 cmt. n.4 (U.S. Sent'g Comm'n 2021). Our court determined that, until the Sentencing Commission updated its guidance, § 1B1.13 did not apply to cases in which a defendant filed a compassionate-release motion. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Accordingly, district courts had discretion to decide what constituted extraordinary and compelling reasons when evaluating a defendant-filed motion. *United States v. Hunter*, 12 F.4th 555, 561–62 (6th Cir. 2021). But that discretion was not unbridled. Courts, we held, could not consider "nonretroactive changes in sentencing law" as "extraordinary and compelling reasons" for awarding relief. *McCall*, 56 F.4th at 1055.

Effective November 1, 2023, the Sentencing Commission amended § 1B1.13. *See* U.S.S.G. Suppl. to App. C, amend. 814. The amendment revised the Commission's position on what may count as an extraordinary and compelling reason for relief, regardless of who files the motion. The policy statement first sets out four enumerated grounds for relief: the defendant's (1) medical circumstances; (2) age; (3) family circumstances; and (4) whether the defendant was a victim of abuse while in custody. U.S.S.G. § 1B1.13(b)(1)–(4) (U.S. Sent'g Comm'n 2023). The amendment also modified the catch-all, "Other Reasons" provision, which now states:

> [e]xtraordinary and compelling reasons exist [if] . . . [t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

*Id.* § 1B1.13(b)(5). Washington rests his claims on this provision.

*Disparity Between Crack and Powder Cocaine Sentences.* Washington principally argues that the disparity between crack and powder cocaine sentences—set by Congress at a ratio of 18:1—is an extraordinary and compelling circumstance justifying release. He raises many

policy disagreements with Congress's choice.  For example, he says that the disparity lacks foundation because "scientific evidence now demonstrates that the difference between crack and powder [cocaine] is similar to the difference between water and ice."  Appellant Br. at 9.  In his view, then, it is "extraordinary and compelling that Congress has failed to eliminate the disparity completely." *Id.*

Washington's argument misunderstands the compassionate-release statute.  The "extraordinary and compelling" circumstances contemplated by Congress and the Sentencing Commission have traditionally focused on circumstances personal to the defendant or his family. *See McCall*, 56 F.4th at 1060.  And that remains generally true under the revised policy statement.  The first four enumerated circumstances ask: Is the defendant exceptionally sick, elderly, indispensable for family care, or was he the victim of abuse while in custody? *See* U.S.S.G. § 1B1.13(b)(1)–(4).  The catch-all category then makes room for "other circumstance[s]" "similar in gravity" to these. *Id.* § 1B1.13(b)(5).  But, even though the consequences of the crack-to-powder disparity may be "grave," the catch-all provision is not a home for complaints that the generally applicable penalties set by Congress are too harsh.  This is true for a few reasons.

To begin, such a result would be inconsistent with the language of the compassionate-release statute.  "[T]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed" for the violation of a statute. *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021).  And "what is routine—a criminal defendant like [Washington] serving the duration of a lawfully imposed sentence—is not compelling." *McCall*, 56 F.4th at 1056.

Nor is Washington's claim consistent with the Sentencing Commission's interpretation of the statute.  In its recent amendments, the Commission addressed whether sentencing legislation itself can be an "extraordinary and compelling" ground for compassionate release.  The Commission's default answer was "no."  Even *changes* in sentencing law do not constitute "extraordinary and compelling reason[s]" for awarding compassionate release.  U.S.S.G. § 1B1.13(c).  An exception kicks in only when a defendant has served at least ten years of an "unusually long sentence" and the legal "change would produce a gross disparity between the

sentence being served" and the one that would "likely" have been imposed under the new law. *Id.* § 1B1.13(b)(6).**[1]**   Nothing in § 1B1.13 remotely suggests that a general disagreement with Congress's sentencing legislation may constitute an "extraordinary and compelling" reason for compassionate release.  Quite the opposite.  If a non-retroactive *change* in a sentencing law is not an extraordinary and compelling reason for compassionate release, neither is Congress's *refusal* to change a sentencing law.

*Washington's Age and Mental Health*.  Washington next offers his declining mental health, along with his age, as a basis for relief.  He asserts that he suffers from anxiety, insomnia, and depression, made worse by the COVID-19 pandemic and by Congress's failure to eliminate the disparity between crack and powder cocaine sentences.  And he says that, because he is an "older inmate[]," he is less likely to reoffend.  Appellant Br. at 4.  But Washington did not present these grounds for compassionate release in the district court.  So, as the government notes, this claim is forfeited.

Perhaps hinting at the possibility of plain-error review, Washington suggests that we overlook the forfeiture "in the interest of justice."  Reply Br. at 1.  But he does not explain why the interests of justice warrant review in his case.  Much less has he shouldered the "difficult" "burden of establishing each of the four requirements for plain-error relief"—error, that is plain, affected "substantial rights," and "had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'"  *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (citations omitted).  Because Washington has made no effort to establish entitlement to relief from plain error, we do not review this claim further.

*Rehabilitation.*  Finally, Washington offers his rehabilitation efforts as an extraordinary and compelling reason for relief.  Washington has developed decision-making and personal finance skills.  He has also completed a paralegal course and is in the process of obtaining a

---

**[1]**In *McCall*, we held that "nonretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief" under § 3582(c)(1)(A)(i).  56 F.4th at 1055.  The Commission's new policy statement differs by creating an exception to this rule.  *McCall* reserved the question "[w]hether the Commission could issue a new policy statement that describes 'extraordinary and compelling reasons' in a way that is inconsistent with our interpretation of the statute's language."  *Id.* at 1054 n.3.  We likewise take no position on this question.

bachelor's degree. And he has gained experience as a writer and a food service worker. Like the district court, we commend Washington for his rehabilitation efforts. But, also like the district court, we conclude that they do not warrant a sentence reduction. Congress has instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t). Because the other grounds Washington offers for a sentence reduction are unavailing, so is this one.

\* \* \*

We AFFIRM.